OPINION
{¶ 1} On August 13, 2002, appellant, Bernard Brozovic, was operating his motor vehicle when he was rear-ended by appellee, Charles Grandjean.
 {¶ 2} On July 29, 2004, appellant filed a complaint against appellee for negligence and damages for injuries as a result of the accident.
 {¶ 3} Prior to trial, appellee admitted liability. A jury trial on damages commenced on May 2, 2005. The jury awarded appellant $4,722.50 for medical expenses and $0 for pain and suffering.
 {¶ 4} On May 13, 2005, appellant filed a motion for new trial. By judgment entry filed May 19, 2005, the trial court denied the motion.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE JURY'S VERDICT, WHICH DID NOT INCLUDE COMPENSATION FOR PAIN AND SUFFERING, WAS INADEQUATE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 II {¶ 7} "THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S MOTION FOR A NEW TRIAL BASED UPON THE JURY'S FAILURE TO AWARD DAMAGES FOR PAIN AND SUFFERING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS PROVEN BY THE UNCONTROVERTED MEDICAL TESTIMONY."
 I, II {¶ 8} Appellant claims the jury's verdict in failing to award damages for pain and suffering was inadequate and against the manifest weight of the evidence. We agree.
 {¶ 9} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9. "No judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the cause." Section 3(B)(3), Article IV, Ohio Constitution.
 {¶ 10} Appellant argues because there was no evidence contrary to his position that he experienced pain and suffering as a result of the accident, the decision to award zero damages for pain and suffering was error.
 {¶ 11} This case involved an uncontested liability accident wherein appellee presented only himself as a witness for the defense. Appellant testified immediately after the accident he did not feel well, but refused treatment at the scene. T. at 37. Upon arriving at work that day, appellant's back began to hurt and he sought chiropractic treatment from Edward Waldo, D.C.T. at 37-41. After daily treatments, appellant progressively got better. T. at 41. Appellant could not "do much of anything at work" as he "can't lift anything to this day," but he never took time off from work. T. at 42. After stopping treatment with Dr. Waldo, appellant sought the advice of Paul Welch, M.D., but received no treatment from him. T. at 43-44. Appellant took Ibuprofen two to three times a day and went to physical therapy for approximately two months and felt better. T. at 45-46. However, appellant was still unable to resume his normal activities. T. at 46-47, 52, 59-60.
 {¶ 12} Appellant's wife, Claire Brozovic, testified that after the accident, appellant's ability to do things at work and at home was diminished. T. at 92-94, 97-98. She testified appellant did not get better right away and over the course of the first few months, appellant "walked very stiffly" and "couldn't walk very far" and "can't move around like he used to." T. at 96. Mrs. Brozovic stated to this day, appellant "still can't walk like, like he normally used to walk." T. at 100.
 {¶ 13} Because of the unrefuted evidence of appellant's physical discomfort resulting in treatments with a chiropractor, physical therapy and an MRI, we find sufficient credible evidence to award a sum for pain and suffering.
 {¶ 14} Assignments of Error I and II are granted.
 {¶ 15} The judgment of the Court of Common Pleas of Stark County, Ohio is reversed on the issue of pain and suffering only and the matter is remanded for trial on said issue.
Gwin, P.J. concurs
Edwards J. concurs separately