DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Municipal Court judgment in favor of State Farm Fire and Casualty Company, plaintiff below and appellant herein, and against Patricia E. Bowman, defendant below and appellee herein. Appellant raises the following assignments of error for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT'S JUDGMENT ENTRY DATED SEPTEMBER 18, 2006, WHICH DID NOT INCLUDE THE AMOUNT PLAINTIFF/APPELLANT PAID TO ITS INSURED PURSUANT TO ITS UNINSURED MOTORIST COVERAGE, WAS AGAINST THE *Page 2 
MANIFEST WEIGHT OF THE EVIDENCE WHEN THE COURT AWARDED JUDGMENT FOR PLAINTIFF/APPELLANT'S INSURED'S MEDICAL EXPENSES."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT AWARDED PLAINTIFF/APPELLANT $52.64 FOR DAMAGE TO ITS INSURED'S VEHICLE WHEN THE UNCONTRADICTED TESTIMONY ESTABLISHED THAT PLAINTIFF/APPELLANT WAS ENTITLED TO $75.34."
 {¶ 2} On June 11, 2004, Justin Roe was involved in an automobile accident that appellee negligently caused. Appellant, Roe's insurer, paid Roe $75.34, $1,756.25, and $4,500 pursuant to its collision, medical payments, and uninsured motorists coverage, respectively.
 {¶ 3} Appellant subsequently filed a complaint against appellee seeking to recover the amounts it paid to Roe. At a bench trial, Roe testified that the cost to repair the vehicle amounted to $325.34, and that appellant paid $4,500 pursuant to its uninsured motorist coverage for his pain and suffering and $1756.25 for his medical expenses. He also testified that the policy had a $250 deductible, so appellant issued a check for the vehicle repair in the amount of $75.34. Appellant submitted a $302.64 invoice to prove the cost of the vehicle repair, plus $22.70 in state tax, for a total of $325.34. Appellant also submitted documents to establish the $4,500 and $1756.25 payments.
 {¶ 4} The trial court found that: (1) Roe's vehicle sustained $302.64 in damage; (2) he incurred $1,756.25 in medical expenses; *Page 3 
and (3) his insurance policy had a $250 deductible. The court thus awarded appellant $1,808.89. The court, however, did not make any finding regarding appellant's $4,500 claim. This appeal followed.
 {¶ 5} In its two assignments of error, appellant asserts that the trial court's failure to award damages for its insured's pain and suffering is against the manifest weight of the evidence. It contends that the evidence unequivocally shows that its insured suffered pain, and that it paid $4,500 to its insured for his pain and suffering. Appellant further contends that the trial court's award of $52.64 for vehicle repair, instead of $75.34, is against the manifest weight of the evidence.
 A APPELLEE'S FAILURE TO FILE APPELLATE BRIEF {¶ 6} In the case sub judice, appellee did not file an appellate brief. App.R. 18(C) authorizes us to accept an appellant's statement of facts and issues as correct, and then reverse a trial court's judgment as long as the appellant's brief reasonably appears to sustain such action. See State v. Miller (1996), 110 Ohio App.3d 159, 161-162,673 N.E.2d 934. In other words, an appellate court may reverse a judgment based solely on a consideration of an appellant's brief. SeeHelmeci v. Ohio Bur. of Motor Vehicles (1991), 75 Ohio App.3d 172, 174,598 N.E.2d 1294; Ford Motor Credit Co. v. Potts (1986),28 Ohio App.3d 93, 96, 502 N.E.2d 255; State v. Grimes (1984), 17 Ohio App.3d 71,71-72, 477 N.E.2d 1219. In this case, pursuant to *Page 4 
App.R. 18 we conclude that appellant's brief reasonably supports a reversal of the trial court's judgment.
 B STANDARD OF REVIEW {¶ 7} An appellate court will not reverse a trial court's decision as being against the manifest weight of the evidence when some competent, credible evidence, that goes to all essential elements of the case, supports the trial court's judgment. Shemo v. Maple Hts (2000),88 Ohio St.3d 7, 722 N.E.2d 1018; State ex. rel. Pizza v. Strope (1990),54 Ohio St.3d 41, 46, 560 N.E.2d 765. Generally, even "some" evidence is sufficient to prevent a reversal of judgment. Bullion v. Gahm,164 Ohio App.3d 344, 2005-Ohio-5966, 842 N.E.2d 540, at ¶ 14.
 C PAIN AND SUFFERING {¶ 8} In the case sub judice, appellant asserts that the trial court's judgment that awarded no damages for pain and suffering, although it awarded damages for medical expenses, is against the manifest weight of the evidence. Appellant cites Brozovic v. Granjean, Stark App. No. 2005CA00151, 2005-Ohio-6950, and Gibbons v. O'Connell (Dec. 20, 1978), Muskingum App. No. CA 78-22, as support for that proposition. InBrozovic, the court held that the court's refusal to award pain and suffering damages was against the weight of the evidence when the evidence was uncontradicted that the injured party incurred pain and suffering as a result of an automobile accident. Similarly, inGibbons the *Page 5 
court held that the trial court's judgment was "contrary to law" when it awarded damages for medical expenses, but no damages for pain and suffering. Furthermore, in Juarez v. Osterman (Aug. 12, 1999), Franklin App. No. 98AP-1221, the court held: "[W]hen a plaintiff receives damages for medical expenses but does not receive an award of damages for past pain and suffering, and where there is evidence supporting such damages, such judgment is against the manifest weight of the evidence." See, also, Elston v. Woodring (Feb. 1, 2001), Defiance App. No. 4-2000-12;Vanbuskirk v. Pendleton (Jan. 18, 1980), Crawford Co. App. No. 3-79-14;Miller v. Irvin (1988), 49 Ohio App.3d 96, 550 N.E.2d 501.
 {¶ 9} In the case at bar, we again emphasize that appellee failed to file an appellate brief. Moreover, appellant's brief reasonably supports the conclusion that although the trial court awarded damages for the insured's medical expenses, the court's failure to award damages for pain and suffering is against the manifest weight of the evidence. Appellant notes that the insured testified that he experienced pain after the accident and that his pain lasted approximately one month. Appellee presented no contrary testimony and does not argue otherwise on appeal. Thus, because the trial court awarded appellant medical expenses and because the insured's testimony regarding his pain and suffering was uncontradicted, we sustain appellant's assignment of error. We again emphasize, however, that our decision is primarily based upon appellee's failure to file an appellate brief. *Page 6 
 D COST OF REPAIR {¶ 10} Appellant's brief also reasonably supports the conclusion that the trial court's decision to award damages for the cost of vehicle repair is against the manifest weight of the evidence. As a general rule, the owner of a damaged motor vehicle may recover the difference between the vehicle's market value immediately before and immediately after the collision. Falter v. Toledo (1959), 169 Ohio St. 238,158 N.E.2d 893, paragraph one of syllabus. An alternative method of measuring damages is the reasonable cost of repairing the motor vehicle, provided that such recovery does not exceed the difference between the vehicle's fair market value of the vehicle immediately before and immediately after the accident. Id., paragraph two of syllabus.
 {¶ 11} In the case at bar, the evidence reveals $325.64 in vehicle repair costs. The evidence also shows that appellant paid its insured the entire amount to repair the vehicle, less the $250 deductible. Thus, the decision to award less than the cost of repair is against the manifest weight of the evidence. Once again, our decision stems from appellee's failure to file an appellate brief and appellant's argument that reasonably supports a reversal of the judgment.
 {¶ 12} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's assignments of error, reverse the trial court's judgment and remand the matter for further *Page 7 
proceedings consistent with this opinion.
JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the cause remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 McFarland, P.J. Kline, J.: Concur in Judgment Opinion *Page 1