THE STATE EX REL. DANZIGER ET AL., APPELLANTS,
*v.* YARBROUGH, JUDGE, APPELLEE.

[Cite as *State ex rel. Danziger v. Yarbrough,*
114 Ohio St.3d 261, 2007-Ohio-4009.]

(No. 2007–0123—Submitted July 10, 2007—Decided August 22, 2007.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of prohibition to prevent a common pleas court from hearing additional evidence and proceeding contrary to a mandate of this court. Because the common pleas court did not disregard our mandate, we affirm.

{¶ 2} Appellants, Jared, Nathan, and Samuel Danziger, own stock in Croghan Bancshares, Inc. ("the company"), which is the sole shareholder of Croghan Colonial Bank ("the bank"). The bank is the company's only operating asset.

{¶ 3} In February 2001, the Danzigers sent a letter to the company demanding to review the corporate minutes of both the company and the bank. When the company did not respond, the Danzigers commenced an action in the Sandusky County Court of Common Pleas to inspect the company's and the bank's corporate minutes. The company later notified the Danzigers that it would permit them to inspect the company's corporate minutes, but it would not permit them to inspect the bank's corporate minutes because the Danzigers were not shareholders of the bank. The trial court granted the company's motion for summary judgment based on its contention that the Danzigers did not have a right to examine the bank's minutes. The court of appeals affirmed the judgment of the trial court.

{¶ 4} On appeal, we reversed the judgment of the court of appeals and held that "[s]hareholders have a right at common law to inspect the records of a wholly owned subsidiary of the corporation in which they own stock when the parent corporation so controls and dominates the subsidiary that the separate corporate existence of the subsidiary should be disregarded." *Danziger v. Luse,* 103 Ohio St.3d 337, 2004-Ohio-5227, 815 N.E.2d 658, syllabus.

{¶ 5} On remand to the common pleas court, appellee, Judge Stephen A. Yarbrough, denied the Danzigers' motion for an amended final judgment in their favor based on our decision in *Danziger,* 103 Ohio St.3d 337, 2004-Ohio-5227, 815 N.E.2d 658. Judge Yarbrough concluded that "there are remaining issues that have not been resolved that require additional evidence." According to the company and the bank, these unresolved issues include the scope of any inspection, e.g., whether privileged portions of the requested records are subject to inspection.

{¶ 6} In August 2006, the Danzigers filed a petition in the Court of Appeals for Sandusky County for a writ of prohibition to prevent Judge Yarbrough from proceeding in the underlying case contrary to our mandate in *Danziger.* Judge Yarbrough submitted an answer, and in December 2006, the court of appeals denied the writ.

{¶ 7} In their appeal as of right, the Danzigers assert that the court of appeals erred in denying the writ of prohibition.

{¶ 8} A writ of prohibition is appropriate to require a lower court to comply with and not proceed contrary to the mandate of a higher court. *State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Bur. of Workers' Comp.,* 108 Ohio St.3d 432, 2006-Ohio-1327, 844 N.E.2d 335, ¶ 35; *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164.

{¶ 9} Judge Yarbrough is not acting contrary to our mandate in *Danziger*. Nothing in *Danziger* precludes the judge from considering additional evidence on issues not resolved by our decision. We did not enter a final judgment in favor of the Danzigers and did not order the common pleas court to do so.

{¶ 10} Moreover, in the absence of a patent and unambiguous disregard of our mandate in *Danziger*, the Danzigers have adequate remedies by appeal and by motion for contempt to challenge Judge Yarbrough's rulings on remand. *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 14.

{¶ 11} Based on the foregoing, the court of appeals did not err by denying the writ of prohibition. Therefore, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., O'CONNOR, O'DONNELL and CUPP, JJ., concur.

PFEIFER, LUNDBERG STRATTON and LANZINGER, JJ., dissent.

---

LUNDBERG STRATTON, J. dissenting.

{¶ 12} I believe that the court of appeals should have issued a writ of prohibition prohibiting the trial court from conducting further proceedings on remand and ordering the trial court to comply with our mandate. Therefore, I respectfully dissent.

{¶ 13} More than four years ago, the Danzigers filed an appeal in this court arguing that, as shareholders of Croghan Bancshares, Inc. ("Bancshares"), they had a right to inspect the corporate minutes of Croghan Colonial Bank ("Colonial Bank"), Bancshares' wholly owned subsidiary. We agreed, holding that "[s]hareholders have a right at common law to inspect the records of a wholly owned subsidiary of the corporation in which they own stock when the parent corporation so controls and dominates the subsidiary that the separate corporate existence of the subsidiary should be disregarded." *Danziger v. Luse*, 103 Ohio St.3d 337, 2004-Ohio-5227, 815 N.E.2d 658, syllabus. Subsequently, we issued a judgment entry that reversed the court of appeals' judgment and mandated that the Court of Common Pleas for Sandusky County carry our judgment into execution.

{¶ 14} On remand, the Danzigers moved the trial court to amend its judgment to comply with our judgment. Bancshares opposed the motion and requested supplemental proceedings to address issues concerning the scope and conditions of the inspection, which, it asserted, had not been resolved and had not been

---

1. Consistent with our opinion herein, the Danzigers' request for oral argument is denied.

presented to or decided by any court. The trial judge agreed and intends to conduct further proceedings to receive additional evidence.

{¶ 15} The Danzigers filed a petition in the court of appeals seeking a writ of prohibition to prevent the trial court from considering additional evidence, thereby disregarding our mandate permitting the Danzigers to inspect the corporate records of Colonial Bank. The court of appeals denied the Danzigers' petition.

{¶ 16} Under the law-of-the-case doctrine, "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus. This doctrine precludes a litigant from attempting to rely on arguments at retrial which were fully litigated, or could have been fully litigated, in a first appeal. *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404–405, 659 N.E.2d 781.

{¶ 17} Writs of prohibition are " 'appropriate to require lower courts to comply with and not proceed contrary to the mandate of a superior court.' " *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164, quoting *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257, 259, 714 N.E.2d 888. In order for a writ of prohibition to issue, the relator must establish that (1) the respondent will or is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) the relator has no remedy in the ordinary course of law. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 686 N.E.2d 267. However, if a court patently and unambiguously lacks jurisdiction, the existence of a remedy in the ordinary course is immaterial in determining whether the writ should issue. *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 686 N.E.2d 1126.

{¶ 18} The majority holds that the trial judge did not act contrary to our mandate in *Danziger* by considering additional evidence pertaining to issues not resolved by our decision. Bancshares alleges that the trial court has jurisdiction to consider issues pertaining to the scope and conditions of the inspection. I disagree.

{¶ 19} In *Danziger*, we placed no qualification on the right of shareholders to inspect corporate records. That is the law of the case. If Bancshares had reason to believe that there were issues qualifying the inspection of its subsidiary's records, it should have raised them in response to the Danzigers' initial complaint seeking inspection of Colonial Bank's minutes. Because it did not, Bancshares has waived these issues, and they are now res judicata.

{¶ 20} Thus, the trial court patently and unambiguously lacks jurisdiction to conduct further proceedings on remand and, by conducting further proceedings,

the trial court has ignored our mandate that the Danzigers be permitted to inspect Colonial Bank's corporate records. More than two and a half years after our mandate, the Danzigers are still being denied access to those records. Therefore, I would issue a writ of prohibition preventing the trial court from conducting further proceedings and ordering the trial court to comply with our mandate that the Danzigers be permitted to inspect Colonial Bank's records. Accordingly, I respectfully dissent.

PFEIFER and LANZINGER, JJ., concur in the foregoing opinion.

———————

Jared E. Danziger, Nathan G. Danziger, and Samuel R. Danziger, pro se.

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.