[Cite as *Johnson v. Burris*, 2015-Ohio-260.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| JOSHUA R. JOHNSON | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 14 CA 12 |
| BONNIE BURRIS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Guernsey County
                             Court of Common Pleas, Case No. 12-PI-
                             255

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      January 15, 2015


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

ROBERT CRAIG MCLAUGHLIN               MATTHEW MULLEN
6105 Parkland Blvd.                   158 North Broadway
Mayfield Heights, OH  44124           New Philadelphia, OH 44663

*Gwin, J.*

{¶1}   Appellant appeals the May 9, 2014 judgment entry of the Guernsey County Court of Common Pleas granting appellee's motion for a new trial pursuant to Civil Rule 59(A)(6).

*Facts & Procedural History*

{¶2}   On May 22, 2010, appellee Joshua Johnson sustained bodily injury from a motor vehicle accident that occurred when appellant Bonnie Burris failed to yield when turning and caused a collision with a car in which appellee was a passenger.  During the collision, appellee's right knee hit the dashboard.  As a result of the accident, appellee fractured his kneecap and damaged the cartilage in his kneecap.  On May 17, 2012, appellee filed a negligence complaint against appellant.

{¶3}   On February 7, 2013, the parties filed stipulations.  The parties stipulated that appellant was negligent in the operation of a motor vehicle and proximately caused the motor vehicle crash that is the subject of the lawsuit.  The parties also stipulated that appellee's medical records and medical bills are authentic and admissible, but reserved the right to challenge the admissibility of specific portions of the records.  Accordingly, the trial court conducted a trial on whether the motor vehicle crash proximately caused appellee's injuries and the amount of damages.

{¶4}   Testimony at trial included testimony from appellee, appellant, Genevieve Knox ("Knox"), appellee's girlfriend and the driver of the car appellee was injured in, and Dr. Kim Stearns.  Dr. Stearns, who conducted an independent medical examination of appellee, testified that appellee fractured his right kneecap and had bruised cartilage under the right kneecap.  Further, that the car crash caused the injuries to appellee's

right knee. Stearns stated that these types of injuries can keep appellee from doing activities of daily living and hobbies. According to Stearns, appellee needed crutches for several weeks due to the pain of the injury. Appellee testified that, after the crash, he had intense pain in his leg. Subsequently, he was on crutches for six weeks and has had four knee braces for his knee. Both appellee and Knox testified that appellee was in pain after the accident and the injury interfered with his ability to perform his usual activities.

{¶5} Appellee also introduced into evidence medical records from the emergency room on the day of the accident, from the emergency room three days after the accident, from appellee's treating orthopedic surgeon, and from appellee's physical therapy. Exhibit 7 shows that appellee went to the emergency room several hours after the accident with the admitting diagnosis of "right leg pain" and his chief complaint was noted to be "severe pain in right knee." Medical records from three days after the accident state that appellee returned to the emergency room for a follow-up and stated he had "severe pain in the knee" and he was "not able to bear weight." Records from appellee's treating orthopedic surgeon indicate that appellee had moderate right knee pain on May 27, 2010 and continued to wear a knee brace into June and July of 2010. Medical records from appellee's physical therapy provide that appellee had joint pain of the knee at the end of June of 2010 and his knee was immobilized in an extension.

{¶6} During the trial, both Knox and appellee testified that appellee was wearing his seatbelt at the time of the accident. Appellant testified that she was "not sure about the seatbelt. I would say he didn't have one on." Based on this testimony,

appellant requested a jury instruction regarding seat belt usage.  The trial court granted appellant's request and included the following instruction to the jury:

> Plaintiff may not have been wearing a seatbelt at the time of the accident.  If you find the plaintiff not to have been wearing a seatbelt, and that the nonuse of a seatbelt contributed to the plaintiff's alleged injuries, then you may reduce the recovery of non-economic loss that could have been recovered, but for the plaintiff's failure to wear a seat belt.

{¶7}   The jury found for appellee in the amount of $17,452.19.   In the first interrogatory, the jury found that the accident caused by appellant proximately caused appellee's injuries.  In the second interrogatory, the jury awarded appellee $17,452.19 in past economic damages, $0 in past non-economic damages, $0 in future economic damages, and $0 in future non-economic damages.  On March 7, 2014, the trial court entered judgment for appellee in accordance with the jury verdict in the amount of $17,452.19, plus costs and interest.

{¶8}   On March 19, 2014, appellee filed a motion for new trial pursuant to Civil Rule 59(A)(6) and argued the jury's verdict was against the manifest weight of the evidence.  Appellant filed a response in opposition to appellee's motion on March 24, 2014.  Appellee filed a reply on April 1, 2014.

{¶9}   The trial court granted appellee's motion on May 9, 2014.  The trial court granted appellee's motion for two reasons: (1) the award of $0 for non-economic damages was against the weight of the evidence as the jury had to award some amount of non-economic compensatory damages for pain and suffering based upon the evidence presented; and (2) R.C. 4513.263(F)(1) only allows damages to be reduced

or diminished, not denied completely, if the jury believed appellee was not wearing a seatbelt.

{¶10} Appellant appeals the May 9, 2014 judgment entry of the Guernsey County Court of Common Pleas and assigns the following as error:

{¶11} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED JOSHUA JOHNSON A NEW TRIAL PURSUANT TO CIV.R. 59(A)(6)."

{¶12} Civil Rule 59(A) permits a new trial to be granted to a party on all or part of the issues based upon any one of the nine enumerated grounds. Civil Rule 59(A)(6) allows for a new trial when the "judgment is not sustained by the weight of the evidence." When considering a motion for a new trial pursuant to Civil Rule 59(A)(6), a court must weigh the evidence and pass on the credibility of the witnesses. A new trial will not be granted where the verdict is supported by competent, substantial, and apparently credible evidence. *Harris v. Mt. Sinai Med. Ctr.*, 116 Ohio St.3d 139, 2007-Ohio-5587, 876 N.E.2d 1201. Because a trial court is in the best position to decide issues of fact, it is vested with broad discretion in ruling upon motions for new trial based upon Civil Rule 59(A)(6). *Id.* Our standard of review on a motion for new trial is abuse of discretion. Civil Rule 59. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶13} In order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must either determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the

undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the elements of damage making up the plaintiff's claim. *Cooper v. Moran*, 11th Dist. Lake No. 2010-L-141, 2011-Ohio-6847.

*Awarding Non-Economic Damages Based on the Evidence Presented*

{¶14} In its judgment entry, the trial court found that, based upon the undisputed evidence presented at trial, the jury's verdict failing to award noneconomic compensatory damages for pain and suffering was against the manifest weight of the evidence where the jury determined appellant proximately caused the damages and when the jury awarded appellee damages for medical expenses. We agree.

{¶15} Appellant argues the jury awarded appellee damages to completely compensate appellee for medical expenses and the jury had the discretion to award appellee no damages for pain and suffering. Appellee argues because there was no evidence contrary to his position that he experienced pain and suffering as a result of the accident, the decision to award zero damages for pain and suffering was against the manifest weight of the evidence and the trial court correctly granted the motion for a new trial.

{¶16} Where a substantial injury is sustained and there is unrefuted evidence of pain and suffering, courts have found that an award for medical expenses without any valuation for pain and suffering is against the manifest weight of the evidence. *Garaux v. Ott*, 5th Dist. Stark No. 2009 CA 00183, 2013-Ohio-1895; *Brozovic v. Grandjean*, 5th Dist. Stark No. 2005CA00151, 2005-Ohio-6950, *Cooper v. Moran*, 11th Dist. Lake No. 2010-L-141, 2011-Ohio-6847; *Hardy v. Osborn*, 54 Ohio App.3d 98, 560 N.E.2d 783 (8th Dist. 1988); *Staley v. Allstate Property Cas. Ins. Co.*, 10th Dist. Franklin No. 12AP-

1085, 2013-Ohio-3424; *Kubilus v. Owens*, 12th Dist. Butler No. CA2007-03-065, 2008-Ohio-3728; *Couture v. Toldeo Clinic, Inc.*, 6th Dist. Lucas No. L-07-1277, 2008-Ohio-5632. However, this Court also has found that where the evidence is contradicted concerning the cause of the plaintiff's complaints of pain, a $0 damage award for pain and suffering does not require a new trial even when the jury awarded damages for other things, such as medical expenses and/or lost wages. See, e.g. *Seymour v. Pierson*, 5th Dist. Stark No. 2005CA00218, 2006-Ohio-961; *Chambers v. Jenkins*, 5th Dist. Stark No. 2007CA00131, 2008-Ohio-638 (verdict not against the weight of the evidence where plaintiff's testimony and medical notes were in contradiction and no evidence was presented to differentiate between ongoing symptoms and possible aggravation of preexisting conditions); *Thomas v. Vesper*, 5th Dist. Ashland No. 02COA20, 2003-Ohio-1856 (jury chose to give more weight to defense's independent medical exam).

{¶17} Appellant cites to *Seymour v. Pierson*, 5th Dist. Stark No. 2005CA00218, 2006-Ohio-961 to support her argument. In *Seymour*, this Court upheld the trial court's entry denying a motion for new trial. However, we find the facts in *Seymour* distinguishable from those in this case. In *Seymour*, testimony at trial indicated the appellant did not miss any school or work as a result of the accident, she did not indicate she was injured or suffered any pain, told the police she was fine after the accident, photographs showed only superficial damage to the vehicles, and between her accident and her visit to the doctor, the appellant had another accident. This Court, in the *Seymor* decision, specifically contrasted the *Seymor* case to *Brozovic v. Grandjean*, 5th Dist. Stark No. 2005CA00151, 2005-Ohio-6950, in which appellant

testified he did not feel well immediately after the accident and there was undisputed testimony that he was unable to resume his normal activities.

{¶18} In *Thomas v. Vesper*, 5th Dist. Ashland No. 02COA20, 2003-Ohio-1856, the other case cited by appellant in support of her argument, is also distinguishable from this case as the court found the jury could have believed the testimony of the defense's expert about the pain and significance of the injuries. In this case, no expert contested that appellee suffered a fractured kneecap and appellant conceded that appellee's medical treatment was reasonable and necessary.

{¶19} We find this case analogous to that of *Brozovic v. Grandjean*, 5th Dist. Stark No. 2005CA00151, 2005-Ohio-6950, an uncontested liability car accident case in which a jury awarded medical expenses, but did not award any damages for pain and suffering. In *Brozovic*, appellee presented only herself as a witness for the defense, appellant testified that immediately after the accident he did not feel well but refused treatment at the scene, appellant went to physical therapy, and there was testimony that appellant was unable to resume normal activities. This Court found that, because of the unrefuted evidence of appellant's physical discomfort resulting in treatment with a chiropractor, physical therapy, and MRI, there was sufficient credible evidence to award a sum for pain and suffering. *Id.*

{¶20} Similarly, in this case, appellee testified that, after the crash, he had intense pain in his leg. Hours later, appellee sought treatment at the emergency room and the medical records indicate that appellee went to the emergency room with the admitting diagnosis of "right leg pain" and his chief complaint was noted to be "severe pain in right knee." Medical records from three days after the accident indicate that

appellee returned to the emergency room for a follow-up and stated he had "severe pain in the knee" and he was "not able to bear weight." Records from appellee's treating orthopedic surgeon indicate that appellee had moderate right knee pain on May 27, 2010 and continued to wear a knee brace into June and July of 2010. Medical records from appellee's physical therapy provide that appellee had joint pain of the knee at the end of June of 2010 and his knee was immobilized in an extension.

{¶21} Both appellee and Knox testified the injury interfered with appellee's ability to perform his usual activities. Dr. Stearns, who performed an independent medical examination on appellee, testified that appellee fractured his right kneecap and had bruised cartilage under the right kneecap. Further, that the car crash caused the injuries to appellee's right knee. Stearns testified that these types of injuries can keep appellee from doing activities of daily living and hobbies. According to Stearns, appellee needed crutches for several weeks due to the pain of the injury and subsequently had braces for his knee. The photographs submitted by appellee into evidence show the hard impact the crash caused between the vehicles. Appellant presented no evidence that contested that the May 2010 car accident caused the injury claimed by appellee or that the injury was not substantial. Appellant did not have any medical testimony to refute appellee's expert's opinion. There was no evidence that appellee ever suffered a similar injury or complained of similar symptoms prior to the accident. Accordingly, there was undisputed evidence that the injuries to appellee's right knee were painful and had an impact on his ability to participate in normal activities.

{¶22} "Damages for pain and suffering should be awarded if the evidence demonstrates that pain and suffering occurred." *Cooper v. Moran*, 11th Dist. Lake No. 2010-L-141, 2011-Ohio-6847. There was obvious and uncontroverted evidence that appellee experienced pain and suffering as a result of the accident. The jury, in rendering its verdict, consequently failed to include all the elements of damage making up appellee's claim. The jury's award reimbursing appellee for only economic damage, without at least some pain and suffering, was therefore "so manifestly contrary to the natural and reasonable inference to be drawn from the evidence as to produce a result in complete violation of substantial justice." *Farkas v. Detar*, 126 Ohio App.3d 795, 711 N.E.2d 703 (9th Dist. 1998). Accordingly, based upon the evidence and testimony at trial, we find the trial court did not abuse its discretion when it granted appellee's motion for a new trial.

## R.C. 4513.263(F)(1)

{¶23} In its judgment entry granting new a trial, in addition to finding the jury's decision to be manifestly against the weight of the evidence, the trial court additionally completed a statutory interpretation analysis of R.C. 4513.263(F)(1) and found that a jury was not permitted to completely deny appellee damages for pain and suffering as the statute provides the award may be "diminished," not "denied." Appellant argues that since the jury was given the instruction found in R.C. 4513.263(F)(1), the jury must have utilized this instruction to deny appellee damages for pain and suffering and encourages this Court to conduct a de novo interpretation of the statute and find that a jury is entitled to completely deny noneconomic compensatory damages pursuant to R.C. 4513.263(F)(1). However, based upon the award of the jury, it is not clear that they

utilized R.C. 4513.263(F)(1) to diminish or deny damages as they awarded $0 for both noneconomic damages and future economic damages. R.C. 4513.263(F)(1) allows for the reduction in only noneconomic damages. Due to this lack of clarity and our disposition regarding the manifest weight of the evidence argument as discussed above, we find any analysis regarding R.C. 4513.263(F)(1) premature.

*New Trial on Damages*

**{¶24}** Appellant argues, as part of her first assignment of error, that the trial court should have limited the new trial to noneconomic compensatory damages only.

**{¶25}** A trial court that grants a Civil Rule 59(A) motion is authorized to order a retrial on any or all of the issues determined by the judgment entered on the jury's verdict. The trial court has broad discretion to order a retrial on all or part of the issues. *Drehemer v. Fylak*, 2nd Dist. Montgomery No. 20635, 2005-Ohio-4732. However, the trial court's exercise of that authority "is subject to the continuing requirement of reasonableness" and a failure to act reasonably in that regard is an abuse of discretion. *AAA Ent. v. Riber Place Community*, 50 Ohio St.3d 157, 553 N.E.2d 597 (2006).

**{¶26}** In this case, appellee, in his motion for a new trial, requested a new trial on "the issues of damages," which the trial court granted. When issues are intertwined and when there is potential for redundant and cyclical appeals, a new trial on one issue or claim reasonably supports a retrial of the other claims or issues as well. *Drehmer v. Fylak*, 2nd Dist. Montgomery No. 20635, 2005-Ohio-4732; *Cooper v. Moran,* 11th Dist. Lake No. 2010-L-141, 2011-Ohio-6847. Based upon the facts presented in this case, we find the trial court did not abuse its discretion in granting a new trial as to damages.

See *Staley v. Allstate Property Cas. Ins. Co.*, 10th Dist. Franklin No. 12AP-1085, 2013-Ohio-3424.

{¶27} Based upon the foregoing, appellant's assignment of error is overruled. The May 9, 2014 judgment entry of the Guernsey County Court of Common Pleas is affirmed.

By Gwin, J.,

Hoffman, P.J., and

Wise, J., concur