[Cite as *Huntington Natl. Bank v. Bywood, Inc.*, 2015-Ohio-4927.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| HUNTINGTON NATIONAL BANK | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 15 CAE 03 0026 |
| BYWOOD, INC., ET AL | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Delaware County
                             Court of Common Pleas, Case No. 12 CJ
                             57033

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      November 23, 2015

APPEARANCES:

For Plaintiff-Appellee Huntington Bank     For Appellant Buckeye State Wholesale

THOMAS MERRY                               STEPHEN MOYER
BETH MILLER                                9 East Kossuth Street
110 Polaris Parkway, Ste. 302              Columbus, OH  43206
Westerville, OH 43082

*Gwin, P.J.*

**{¶1}** Appellant appeals the February 24, 2015 and March 10, 2015 judgment entries of the Delaware County Court of Common Pleas.

*Facts & Procedural History*

**{¶2}** On November 20, 2012, plaintiff-appellee Huntington National Bank ("Huntington") obtained a judgment against Ashraf Ettayem ("Ettayem") and Bywood, Inc. in the Franklin County Court of Common Pleas. Huntington transferred the judgment to Delaware County by filing a praecipe for a certificate of judgment lien on December 4, 2012. In 2014, Huntington filed a writ of execution pursuant to R.C. 2329.09 seeking to have the sheriff levy it upon Ettayem's personal property to satisfy the judgment. The sheriff seized Ettayem's 2004 Mercedes Benz ("the vehicle") pursuant to the writ of execution on May 29, 2014.

**{¶3}** Ettayem requested an exemption hearing and an oral hearing was held before a magistrate on June 13, 2014, at which time Ettayem asserted for the first time he had sold the vehicle. Ettayem testified that he pawned the vehicle at Buckeye Pawnshop dba Autopawn USA ("Autopawn") in 2012, in exchange for a loan of $15,000. A replacement certificate of title was issued on January 4, 2012, noting Autopawn's lien. Autopawn maintained possession of the vehicle and the title until December 12, 2013, when Ettayem redeemed the vehicle for $15,754. Autopawn completed the lien discharge section on the front of the title, indicating Ettayem's obligation had been paid in full. Autopawn released the vehicle and the title to Ettayem. On the same day, Ettayem sold the vehicle to appellant Buckeye Wholesale, Inc. ("BSW") for $20,000.

**{¶4}** A few days after the sale, BSW requested the sale of the vehicle be cancelled. Ettayem agreed to cancel the transaction, but did not have the $20,000 available to return to BSW. BSW allowed appellant to pay $3,000, with the agreement Ettayem would repay the $20,000 by August of 2014. Ettayem completed the assignment on the back of the title of the vehicle and gave the title to BSW as security. Ettayem maintained physical possession of the vehicle. BSW never obtained a certificate of title issued in its name. Ettayem is listed as the owner of the vehicle in the original title dated December 31, 2003 and the replacement title that was issued in 2012.

**{¶5}** The magistrate issued a decision on July 7, 2014, finding Ettayem owned the vehicle, the vehicle was subject to execution by Huntington, and Ettayem was entitled to an exemption of $3,450. Ettayem filed objections to the magistrate's decision. BSW filed a motion to intervene on August 19, 2014, claiming that it was the title owner of the vehicle. On September 16, 2014, the trial court overruled Ettayem's objections to the magistrate's decision, adopted the magistrate's decision, and denied BSW's motion to intervene. Ettayem filed a notice of appeal of the trial court's judgment entry adopting the magistrate's decision on September 23, 2014 and BSW filed a notice of appeal of the trial court's judgment entry denying their motion to intervene on October 15, 2014. BSW's appeal of the denial of the motion to intervene was dismissed by this Court on January 23, 2015 for want of prosecution.

**{¶6}** On October 31, 2014, BSW filed a demand for R.C. 2329.84 determination of claimant's rights. The trial court scheduled the matter for a jury trial on December 18, 2014. On December 17, 2014, the trial court entered a judgment entry vacating its

previous jury trial entry and setting a briefing schedule.  The judgment entry specifically states that the jury trial was vacated "with the consent of Buckeye State Wholesale by Attorney Moyer" and that "Plaintiff and Buckeye State Wholesale consented to this matter being submitted for the Court's determination on summary judgment."  BSW filed a renewed motion to intervene on December 18, 2014.  The trial court granted BSW's motion on December 30, 2014 and gave BSW until January 13, 2015 to file a third-party complaint.  BSW did not file its complaint by January 13, 2015.

{¶7}    On December 30, 2014, Huntington filed a motion for summary judgment on the R.C. 2329.84 demand and BSW filed a memorandum contra on January 13, 2015.  On January 22, 2015, BSW filed a motion for leave, instanter, seeking leave to file its third-party complaint.  The trial court denied BSW's motion for leave on February 24, 2015.  On March 10, 2015, the trial court granted Huntington's motion for summary judgment, finding Ettayem owned the vehicle.

{¶8}    On June 29, 2015, this Court issued an opinion in *Huntington National Bank v. Ettayem*, 5th Dist. Delaware No. 14 CAE 09 0058, 2015-Ohio-2645.  In that opinion, Ettayem argued that the trial court erred in concluding that he was the owner of the vehicle and that it was subject to execution.  We affirmed the judgment entry of the trial court finding that Ettayem owned the vehicle, the vehicle was subject to execution by Huntington, and Ettayem was entitled to an exemption of $3,450.  The opinion states as follows:

> [A] certificate of title was never issued in the name of BSW.  The fact BSW
> was holding the certificate of title as security does not change the actual
> ownership of the vehicle.  We find when BSW and Appellant [Ettayem]

agreed to rescind the sale, the parties were restored to their original positions, and legal ownership of the Vehicle remained with Appellant [Ettayem].

{¶9}   BSW appeals the judgment entries of the Delaware County Court of Common Pleas and assigns the following as error:

{¶10}   "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶11}   "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING INTERVENOR-APPELLANT'S MOTION FOR LEAVE TO FILE ITS THIRD PARTY COMPLAINT INSTANTER.

{¶12}   "III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO HAVE A JURY DETERMINE INTERVENOR-APPELLANT'S INTEREST IN THE VEHICLE."

{¶13}   Huntington filed a motion to dismiss the instant appeal as moot because the vehicle was sold at auction to a third-party during the pendency of this appeal pursuant to a writ of execution.  On April 25, 2015, the trial court granted BSW a stay of execution conditioned upon the posting of a $9,000 bond; however, BSW failed to post the required bond.   On September 4, 2015, Huntington filed a praecipe for writ of execution directing the sheriff to advertise and sell the vehicle.  Huntington filed a notice of execution of sale of personal property and a notice of filing affidavit of publication. The sheriff sold the vehicle on September 25, 2015.  The sheriff filed the motor vehicle bill of sale with sheriff's return on September 28, 2015, evidencing that the vehicle had been sold to a third-party for a purchase price of $13,500.  The sheriff filed a report of

distribution of sale proceeds on October 5, 2015 and stated that the sheriff had disbursed the sale proceeds of $13,500. Huntington seeks to supplement the record with this information, in addition to our opinion in *Huntington National Bank v. Ettayem*, 5th Dist. Delaware No. 14 CAE 09 0058, 2015-Ohio-2645.

{¶14} Upon review, we grant Huntington's motion to supplement the record. The documents are relevant to the above-captioned appeal and are contained in the record.

{¶15} Further, we agree with Huntington that the instant appeal is moot. See *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 551 N.E.2d 1249 (1990); *Hagood v. Gail*, 105 Ohio App.3d 780, 664 N.E.2d 1373 (11th Dist. 1995). BSW, in its R.C. 2329.84 action, requested the trial court determine ownership of the levied property (the vehicle). In its summary judgment entry, the trial court determined that Ettayem owned the vehicle and it was subject to execution by Huntington. This Court found that Ettayem was the legal owner of the vehicle. The vehicle has been sold at execution sale and the proceeds were distributed by the sheriff. Thus, the order granting summary judgment has been satisfied and carried out, leaving BSW with no relief. The stay did not become operative because BSW failed to post the supersedeas bond as required by the trial court's judgment entry.

{¶16} Additionally, even if the instant appeal is not moot, we find that BSW's assignments should be overruled based upon the law of the case doctrine. In *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), the Ohio Supreme Court addressed the doctrine of the law of the case and stated that, "* * * [T]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." The law of the case

doctrine "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Acuity, Inc. v. Trimat Constr.*, 4th Dist. Gallia No. 07CA2, 2007-Ohio-6894.

{¶17} In our previous case, *Huntington National Bank v. Ettayem*, 5th Dist. Delaware No. 14 CAE 09 0058, 2015-Ohio-2645, Ettayem argued that BSW, the appellant in this case, was the rightful owner of the vehicle, not him. However, we rejected Ettayem's argument and found that Ettayem was the owner of the vehicle. We further affirmed the magistrate and trial court's decision finding that the vehicle was subject to execution by Huntington. In this case, BSW appealed: the trial court's determination that Ettayem, not BSW, is the owner of the vehicle; the denial of a motion to intervene wherein BSW argued that it was the legal owner of the vehicle; and the alleged failure of the trial court to empanel a jury to determine ownership of the vehicle. Pursuant to the law of the case doctrine, our previous determination that Ettayem is the owner of the vehicle remains law of the case for this subsequent proceeding. Accordingly, BSW's assignments of error are overruled.

{¶18}  Based upon the foregoing, the judgment entries of the Delaware County Court of Common Pleas are affirmed.


By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur