**DREHMER, Appellee and cross-appellant,**

v.

**FYLAK, Appellant and cross-appellee.**

[Cite as *Drehmer v. Fylak,* 163 Ohio App.3d 248, 2005-Ohio-4732.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20635.

Decided Sept. 9, 2005.

250

Thomas J. O'Connell and Lawrence D. Abramson, for appellee and cross-appellant.

L. Michael Bly, for appellant and cross-appellee.

GRADY, Judge.

{¶ 1} This is an appeal from an order of the court of common pleas granting plaintiff's Civ.R. 59(A) motion for a new trial in an action for personal injuries.

{¶ 2} On May 24, 2001, a collision occurred involving vehicles driven by plaintiff-appellee and cross-appellant, Timothy Drehmer, and defendant-appellant, Ivan M. Fylak. It is undisputed that the accident proximately resulted from Fylak's negligence.

{¶ 3} Drehmer commenced an action for personal injuries of two kinds: injury to his midsection and internal organs resulting from contraction of his vehicle's seat belt, and aggravation of preexisting injuries of his left shoulder resulting from the trauma of the collision, for which surgery was required. Because liability was not in dispute, the issues the jury was required to determine were the existence of those alleged injuries, whether they were proximately caused by the collision, and Drehmer's damages for medical expenses, lost wages, and pain and suffering.

{¶ 4} After hearing the evidence and arguments, the jury returned a verdict for Drehmer in the amount of $5,250.55. In a separate interrogatory, the jury stated that its award consisted of $4,950.55 for medical expenses, $300 for lost wages, and nothing for pain and suffering. The amount of the damages awarded corresponds to evidence of the medical expenses and lost wages arising from the seat-belt injuries. The jury awarded nothing for the alleged shoulder injuries.

{¶ 5} Drehmer filed a motion for a new trial pursuant to Civ.R. 59(A), arguing several alternative grounds for relief. The trial court rejected all but one. The court found that the jury's failure to award even nominal damages for pain and suffering for the uncontroverted seat belt injury was "not sustained by the weight of the evidence." Civ.R. 59(A)(6). The court ordered a retrial of all claims for relief. The court rejected Fylak's request to limit the retrial to the pain-and-suffering claim as it relates to the seat-belt injury.

{¶ 6} Fylak filed a timely notice of appeal. Drehmer filed a timely notice of cross-appeal.

Fylak's Appeal

## FIRST ASSIGNMENT OF ERROR

{¶ 7} "The trial court abused it discretion in awarding plaintiff a new trial and its determination that the jury's verdict was against the weight of the evidence because it did not award plaintiff damages for pain and suffering."

{¶ 8} Whether to grant or deny a motion for new trial rests with the sound discretion of the trial court, and its judgment will not be disturbed absent an abuse of discretion. *Yungwirth v. McAvoy* (1972), 32 Ohio St.2d 285, 61 O.O.2d 504, 291 N.E.2d 739. An abuse of discretion is shown when a decision is unreasonable; that is, when there is no sound reasoning process that would

support the decision. *AAA Ent. v. River Place Community* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.

{¶ 9} Civ.R. 59(A)(6) authorizes the court to vacate a judgment and grant a new trial upon the motion of "all or any of the parties and on all or part of the issues" the judgment concerns, upon a finding that the judgment "is not sustained by the weight of the evidence." "[I]n order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim." *Bailey v. Allberry* (1993), 88 Ohio App.3d 432, 435, 624 N.E.2d 279.

{¶ 10} Unlike an appellate court, which may order the retrial of only those issues, claims, or defenses the original trial of which resulted in prejudicial error, *Mast v. Doctor's Hosp. N.* (1976), 46 Ohio St.2d 539, 75 O.O.2d 556, 350 N.E.2d 429, a trial court is authorized by Civ.R. 59(A) to order a new trial of any or all of the issues that a judgment has determined upon one or more of the findings contemplated by Civ.R. 59(A)(1) through (9). "However, the granting of a new trial on part of the issues is rarely exercised in jury actions due to an intertwining of the issues." 2 Klein & Darling, Baldwin's Ohio Civil Practice (1997), Section 59:4. That application of Civ.R. 59 differs from its application in nonjury trials, in which the court "may take additional testimony or amend its findings and then enter a new judgment." Id., citing 1970 Staff Notes to Civ.R. 59(A).

{¶ 11} Fylak argues that the trial court was not required to find that the jury's denial of a pain-and-suffering award is against the weight of the evidence merely because the jury made an award for medical expenses and lost wages associated with the claim. We agree. We have held that the "proposition that an award of medical expenses in a personal injury case without an award for pain and suffering is contrary to law requires the conclusion that there can be no set of facts in a personal injury negligence case in which a plaintiff would be entitled the one type of damages, but not the other." *Haller v. Daily,* Montgomery App. No. 19420, 2003-Ohio-1941, 2003 WL 1894540, at ¶ 24. Other appellate courts have held likewise. See *Mensch v. Fisher,* Portage App. No. 2002–P–0055, 2003-Ohio-5701, 2003 WL 22427880; *Neal v. Blair,* (June 10, 1999), Lawrence App. No. 98CA37, 1999 WL 378756.

{¶ 12} The record does not reflect that the trial court necessarily so held. There is ample evidence, both in the form of his own testimony and hospital emergency room reports, that shortly after the accident Drehmer experienced pain associated with his seat-belt injury. Drehmer was given pain medication for

his complaints. He was unable to work the following day because of his pain and required two further days of rest for more complete recovery. Drehmer experienced continuing pain for several more weeks following the accident, and he continued to take prescribed pain medication for two to three weeks. Evidence, in the form of photographs, shows severe bruising to his abdomen. A medical expert opined that the pain that Drehmer experienced had proximately resulted from the accident. None of that evidence was contradicted.

{¶ 13} The jury was free, as Fylak argues, to reject the foregoing evidence. In its written decision, the trial court opined, "Perhaps the jury so focused its efforts on resolving the proximate cause issue on the shoulder injury and ultimately resolved that it was not proximately caused by the accident and no pain and suffering [for the shoulder injury] was appropriate, that they overlooked the admitted pain and suffering from the seat belt injuries."

{¶ 14} The court's suggestion comports with one of the three alternative findings that support Civ.R. 59(A)(6) relief: that the jury failed to include all elements of damage making up the plaintiff's claim. Bailey v. Allberry, 88 Ohio App.3d 432, 624 N.E.2d 279. However, the jury didn't fail to include an award for pain and suffering, but instead affirmatively rejected it in its response to the interrogatory, entering a finding of "$–0–" for that claim. The court's ultimate finding that the zero award is not sustained by the weight of the evidence because the evidence of pain and suffering was manifest and uncontradicted comports with another of the Bailey v. Allberry grounds: that the verdict "cannot be reconciled with the undisputed evidence in the case." Id. at 435, 624 N.E.2d 279.

{¶ 15} Drehmer is a health-care professional. His wife, who was a passenger in his vehicle, suffered more serious injuries and was treated by EMTs at the scene before being transported to a hospital. Drehmer made no complaints at the scene, perhaps out of concern for his wife. It was not until his wife was at the hospital that he sought examination. He explained later that he had asked to get checked out while his wife was getting checked out. It was after that that his injuries and the pain associated with them were manifested.

{¶ 16} The question of damages for pain and suffering is within the province of the jury. Bradley v. Cage, Summit App. No. 20713, 2002-Ohio-816, 2002 WL 274638. Nevertheless, a plaintiff is entitled to compensatory damages in an amount to make him whole for the actual loss resulting from the wrong done him by the defendant. Fantozzi v. Sandusky Cement Prod. Co. (1992), 64 Ohio St.3d 601, 597 N.E.2d 474. Damages may also include awards for bodily pain and suffering. Betz v. Timken Mercy Med. Ctr. (1994), 96 Ohio App.3d 211, 644 N.E.2d 1058.

■ {¶ 17} Claims for pain and suffering may have fallen into public disfavor in recent years, being an alleged cause for substantial awards in tort-claim cases. If a jury acts out of such sentiments to wholly reject a claim for pain and suffering that's both undisputed and supported by competent, credible evidence, the plaintiff may be denied a right of relief to which he is by law entitled. Civ.R 59(A)(6) offers a remedy for that deprivation. On this record, the trial court did not act unreasonably in its finding.

{¶ 18} Fylak also argues that the trial court relied on facts not in evidence. The court stated: "In closing argument, Defendant's counsel admitted the bruises and injuries contained in the emergency room report and suggested the jury award Plaintiff $1,000.00 for the pain and suffering Plaintiff experienced as a result of those injuries." The court also noted, however, "This Court has not been supplied with a transcript so it must rely on personal recollection."

{¶ 19} Fylak points out that his attorney's actual assertion in closing argument contained no suggestion of the amount that the jury should award. Rather, with reference to the interrogatory, defense counsel told the jury, "This jury interrogatory is going to have three lines. You don't have to fill out the three lines. There's no obligation that you award pain and suffering, but you would be crazy not to. I mean, he suffered. He had pain from those bruises. So, you're going to put numbers in each of those three boxes. The reasonable and necessary medical expenses incurred, that's where you get the $4,950.55. The lost wages, he testified that it was a day's work, $300. Pain and suffering $60,000? Well, that assumes that he—I don't agree with that at all. You know, even if you feel he's met his burden of proof, I don't agree with that sum whatsoever."

{¶ 20} The trial court was incorrect in stating that defense counsel suggested a $1,000 reward for pain and suffering, but the issue with which it was concerned was not the amount that should be awarded for pain and suffering, but whether defense counsel's statement demonstrated that an award in some amount was merited by the evidence. Defense counsel's actual statement is to that effect. It supports, if only in a limited way, the trial court's finding that the jury's denial of any award at all is against the weight of the evidence, so as to order a new trial pursuant to Civ.R. 59(A)(6).

{¶ 21} Appellant's first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

■ {¶ 22} "Assuming, arguendo, that the trial court properly granted plaintiff's motion for a new trial, the trial court abused its discretion by refusing to limit the scope of the new trial to the issue of what pain and suffering damages should be awarded for plaintiff's pre-surgery injuries."

{¶ 23} As we noted in our discussion of the first assignment of error, a trial court that grants a Civ.R. 59(A) motion is not confined by the terms of the rule to order a new trial only on the issue or issues directly affected by the defect it finds. Rather, the court is authorized by Civ.R. 59(A) to order a retrial of any or all of the issues determined by the judgment entered on the jury's verdict, and courts rarely order a retrial of fewer than all the issues the jury determined when the issues are intertwined.

{¶ 24} The trial court declined Fylak's request to limit the issues on retrial to the claim for pain and suffering that the jury had rejected, stating: "We have no way to separate and determine that. Counsel has no authority for such a procedure." In reaching its holding, the court relied on the holding of the First District Court of Appeals in *Kallmeyer v. Allstate Ins. Co.* (June 23, 2000), Hamilton App. Nos. C–990799, C–990812, 2000 WL 799382.

{¶ 25} In *Kallmeyer*, the plaintiff was awarded special damages in the amount of her medical bills for injuries she had suffered in an auto accident. The jury made no award on the plaintiff's pain-and-suffering claims on which she had offered evidence. The trial court ordered a new trial because of the jury's omission. The appellate court affirmed the trial court. It also rejected the defendant's contention that the retrial should be limited to "pain and suffering associated with the medical treatment covered by the original damage award, without any consideration of other damages such as future pain and suffering." Id. The court stated that it could "find no rule that would have required the trial court to have limited the new trial in the way that (the defendant) desires." Id.

{¶ 26} The holding in *Kallmeyer* reflects the broad discretion reposed in the trial courts by Civ.R. 59(A) to order a retrial "on all or part of the issues." Nevertheless, the facts of *Kallmeyer* differ from those of the present case. There would have been no legitimate reason for a jury in *Kallmeyer* to make an award for past and current pain and suffering but reject a claim for future pain and suffering if future pain and suffering was proved. Here, on the other hand, a more compelling distinction exists.

{¶ 27} Fylak contends that the jury necessarily rejected Drehmer's claim for aggravation of a preexisting injury to his left shoulder because the awards it made for medical expenses and lost wages were limited to the losses of that kind arising from his seat-belt injuries. Fylak relies on the jury's response to the interrogatory and its general verdict, which are consistent in that regard. It appears that the trial court viewed the verdict likewise, stating that the jury "ultimately resolved that (the shoulder injury) was not proximately caused by the accident."

{¶ 28} In *Elston v. Woodring* (Feb. 1, 2001), Defiance App. No. 4–2000–12, 2001 WL 91953, which involved a rear-end collision, the appellate court reversed the

trial court's denial of a motion for a new trial, holding that "damage awards representing undisputed special damages, without an award for pain and suffering, are against the manifest weight of the evidence." Id. However, the appellate court remanded the matter for retrial of only the pain-and-suffering claim, noting that with respect to the special-damage claims, (1) it had decided that "the jury [had] properly heard substantial evidence and deliberated on these claims," id., and (2) it was deferring to the jury's primary authority to resolve questions involving the weight of the evidence and credibility of the witnesses.

{¶ 29} In *Scott v. Condo*, Hamilton App. No. C–010123, 2002-Ohio-2148, 2002 WL 832210, the appellate court reversed the trial court's denial of a plaintiff's motion for new trial, holding that the jury's failure to award any damages for future pain and suffering when it had awarded sums for past pain and suffering was against the manifest weight of the evidence. The court limited its remand to a retrial of only the future-pain-and-suffering claim.

{¶ 30} The remand orders in *Elston v. Woodring* and *Scott v. Condo* were governed by App.R. 12(D), as construed by *Mast v. Doctor's Hosp. N.*, which limits the appellate court's remand order to retrial of only those issues, claims, or defenses the original trial of which resulted in prejudicial error. In this appeal, we have not found that the trial court erred when it ordered a retrial. The issue presented is whether the court abused its discretion when it ordered a full retrial of all the claims and defenses, including those pertaining to the alleged shoulder injury that the jury had rejected, instead of limiting the scope of its retrial order to the pain-and-suffering claim.

{¶ 31} While the authority conferred by Civ.R. 59(A) to grant a new trial on all or part of the issues is unrestricted by the rule, the court's discretionary exercise of that authority is subject to the continuing requirement of reasonableness. *AAA Ent. v. River Place Community*. A failure to act reasonably in that regard is an abuse of discretion. Id.

{¶ 32} When multiple claims for relief are presented and the issues those claims present are intertwined, a finding that a new trial is merited on one of those claims reasonably supports a retrial of the other claim or claims as well. Here, Drehmer's claims for relief for his seat-belt and shoulder injuries were intertwined with respect to the issue of negligence. However, Fylak's negligence was undisputed. Those same claims for relief were not likewise intertwined with respect to the proximate cause issues because, on this record, the two alleged injuries were separate and distinct.

{¶ 33} The jury clearly rejected Drehmer's claim that his shoulder injury proximately resulted from Fylak's negligence. It also clearly found that Drehmer's seat-belt injuries were proximately caused by Fylak's negligence. The fact

that the jury's award of no damages for pain and suffering for the seat-belt injury was against the weight of the evidence concerning that claim in no way undermines the jury's finding on the shoulder-injury claim, which was rejected on the jury's award of special damages only on the seat-belt-injury claim.

{¶ 34} While a party is entitled to a new trial on one of the findings in Civ.R. 59(A)(1) through (5), the extent of the relief that the court orders when it grants a motion for a new trial should correspond to the effects of the defect found. Further, the extent of that relief should give deference to the jury's primary role as the finder of facts. When the jury has clearly decided an issue in favor of the party opposing the motion, and the issue is unaffected by the particular defect that the court finds with respect to a wholly separate issue, a retrial of all issues is not reasonably warranted. The issue or issues to be retried should be limited to those that were affected by the defect according to the court's findings.

{¶ 35} We find that the trial court abused its discretion when it vacated the entire judgment entered on the jury's verdict and ordered a retrial of all of the Drehmer's claims for relief. The judgment is vacated in part, with respect to the Drehmer's claim for pain and suffering related to the seat-belt injuries, and a retrial of that issue only is ordered.

{¶ 36} Appellant's second assignment of error is sustained.

### Drehmer's Cross–Appeal

{¶ 37} "The trial court erred in allowing defendant to admit a prejudicial hearsay document which was used to attack plaintiff's credibility."

{¶ 38} Drehmer claimed that the trauma of the automobile collision aggravated a shoulder injury he had suffered during his prior military service. When asked on direct examination when that had occurred, Drehmer testified:

{¶ 39} "My first recollection of any problems in the shoulder was late eighties, early nineties. That's kind of the best I can do. I was very active. Up until the accident, I was a college athlete. I was—in medical school, I played on the medical school flag football team. I coached both softball and basketball for my kids. I played on a competitive softball team. And so, I was very active. You know, I've been asked why or how—what led to it, and I really don't recall. But I do know, because it was in my military record, I do not know that I had some problems with the left shoulder at that time." Drehmer further testified that he had been prescribed physical therapy for the condition.

{¶ 40} On cross-examination and over Drehmer's objection, Fylak's attorney introduced a document purporting to have been issued by the United States Department of Veterans Affairs stating, with respect to Drehmer, "Our system of

records does not contain a record retrievable by the name or file number submitted." Fylak confronted Drehmer with the report and used it to show that Drehmer's assertion that the injury to his shoulder was in his military record was incorrect.

{¶ 41} Drehmer argues that the record was inadmissible hearsay and that he was prejudiced by its admission because it created an inference that he misrepresented his military medical record or had arranged for its disappearance.

{¶ 42} The declarations in the report satisfy the definition of hearsay in Evid.R. 801(C); a statement, other than one made by the declarant while testifying at trial or hearing, which is offered in evidence to prove the truth of the matter asserted. Per Evid.R. 802, hearsay is not admissible, except as provided by statute or rule.

{¶ 43} Fylak·argues that the evidence satisfies the exception to the rule against admitting hearsay in Evid.R. 803(10). That exception permits hearsay declarations concerning the absence of a public record or report ordinarily kept, offered to prove its absence or the nonoccurrence or nonexistence of a matter concerning which the report or record is regularly made. The rule further provides that the evidence is admissible "in accordance with Rule 901(B)(10) or testimony, that diligent search failed to disclose the record, report, statement, or data compilation, or entry."

{¶ 44} Evid.R. 901(B)(7) provides for authentication of purported public records or reports on evidence that it "is from the public office where items of this nature are kept." On its face, the Veteran's Administration report purports to be a public record. However, there is no evidence that it is, in fact, a statement of the Veteran's Administration. Neither was there any evidence concerning the diligence of the search for Drehmer's medical records.

{¶ 45} Though it was offered for a purpose authorized by Evid.R. 801(C), the document was inadmissible for lack of a proper authentication. The trial court abused its discretion when it admitted the evidence over Drehmer's objection. Nevertheless, we find that the error was harmless beyond a reasonable doubt.

{¶ 46} Whether or not a record existed demonstrating the prior injury that Drehmer claims was aggravated is a matter largely collateral to the existence of his claimed shoulder injury, which required surgery. Drehmer had only speculated that such a record exists. It was not a matter in any way under his control, so its existence has no bearing on his credibility. Drehmer's attorney was able to resolve any issues in that regard in his redirect examination. Any prejudice that Drehmer suffered is so peripheral to the issues that his claim for relief presents that it is no basis for reversal.

{¶ 47} In addition, Drehmer argues that admission of the report is a basis for an order granting a new trial pursuant to Civ.R. 59(A)(1): an abuse of discretion by which he was prevented from having a fair trial. However, he does not argue that he moved for a new trial. The court may nevertheless order a new trial on its own motion and findings made pursuant to the rule. Civ.R. 59(D). We cannot find that the court abused it discretion when it failed to act or grant that relief.

{¶ 48} Drehmer's cross-assignment of error is overruled.

### Conclusion

{¶ 49} Having sustained Fylak's second assignment of error, we modify the judgment from which the appeal was taken to order a retrial of only Drehmer's damages for pain and suffering arising from his seat-belt injuries.

Judgment modified<br>and cause remanded.

BROGAN, P.J., and DONOVAN, J., concur.