OPINION
{¶ 1} Plaintiff-appellant, Gary Kubilus, appeals the jury award and the denial of a motion for new trial from the Butler County Court of Common Pleas. We reverse and remand.
 {¶ 2} Appellant and defendant-appellee, Amy R. Owens, were involved in an automobile accident on October 7, 2004. Appellant filed a lawsuit against appellee, alleging personal injuries arising out of the accident. Appellee stipulated to liability and a jury trial was *Page 2 
held to determine the amount of damages.
 {¶ 3} Following trial, the jury awarded appellant a judgment in the amount of $3,711.20, detailed in interrogatories as $386.40 in lost earnings and $3,324.80 for medical and hospital expenses. The jury awarded nothing to appellant for pain and suffering.
 {¶ 4} Appellant objected to the jury award, claiming that the verdict of zero dollars for pain and suffering was inconsistent with the trial court's directed verdict in appellant's favor, and requested that the jury be sent back for additional deliberations. This request was joined by appellee. However, the trial court overruled appellant's objection, allowed the verdict to stand, and dismissed the jury. Thereafter, appellant filed a Civ. R. 59 motion for a new trial, which was denied by the trial court. Appellant timely appeals, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL."
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} Appellant essentially argues in both assignments of error that the award of $0 for pain and suffering was against the manifest weight of the evidence and the trial court erred by denying the motion for a new trial.
 {¶ 10} When reviewing a trial court's decision to deny a request for a new trial, an appellate court may reverse only if the trial court abused its discretion by denying the motion. Rohde v. Farmer (1970),23 Ohio St.2d 82, paragraph one of the syllabus. In order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so grossly disproportionate as to shock the *Page 3 
sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim.lames v. Murphy (1995), 106 Ohio App.3d 627.
 {¶ 11} After a review of the record and the relevant case law, the trial court's decision in this matter conflicts with a series of cases from this court.
 {¶ 12} In Acton v. Ventling (June 27, 1994), Butler App. No. CA93-05-088, this court held that a new trial was warranted where the jury, deciding only the issue of damages, returned an award in favor of plaintiff Acton in the amount of zero dollars. This court held that the "record indicates that the jury failed to consider evidence of damages submitted by uncontroverted expert testimony. Expert medical witnesses for both appellant and appellee agreed that the April 4, 1990 automobile collision `aggravated' or `exacerbated' appellant's pre-existing cervical condition. The record also contains uncontroverted testimony that appellant endured pain and suffering as a result of her injuries. * * * Appellant is entitled to some amount of special damages and is also entitled to an award of damages for her pain and suffering." Id., citingMiller v. Irvin (1988), 49 Ohio App.3d 96.
 {¶ 13} In Hughes v. Koop (Feb. 18, 1997), Clermont App. No. CA96-10-081, this court held that a "damage award representing undisputed special damages, with no valuation for uncontroverted general damages for pain, suffering, disability and disfigurement, is contrary to the manifest weight of the evidence" where the jury awarded $13,308 for medical expenses and $847 for lost wages. Id., citing Hardy v.Osborn (1988), 54 Ohio App.3d 98, 100.
 {¶ 14} In Ortman v. Lumbert (Apr. 14, 1997), Madison App. No. CA96-06-023, this court stated "a new trial should be ordered where a jury fails to award any damages for a plaintiff's uncontroverted pain and suffering." In Ortman, appellant and appellee, were involved in an automobile collision. Appellant went to the emergency room following the *Page 4 
accident and received treatment. The only issue at trial was the amount of damages. The trial court awarded a judgment of $39,013.85 for lost wages and medical bills, but the jury returned a verdict of $0 for pain and suffering.
 {¶ 15} In finding that the amount was against the manifest weight of the evidence, this court stated, "[i]mplicit in the jury's verdict for appellant was a finding that appellant's shoulder injury was a direct and proximate result of appellee's negligence. Nevertheless, the jury awarded $0 damages for the pain and suffering that appellant incurred as a result of his injuries. In light of the abundant and uncontroverted evidence of appellant's pain and suffering, this verdict cannot be reconciled with the undisputed evidence in the case and is the result of an apparent failure by the jury to include all the items of damage making up plaintiff's claim." Id.
 {¶ 16} Finally, Popson v. Pennington (Aug. 14, 2000), Clinton App. No. CA99-05-013, also involved a similar situation to the case at bar. Popson was rear-ended by Pennington. Following the accident, Popson continued to his job as a construction subcontractor. He began to notice a stinging sensation in his neck and numbness in his right arm. Following x-rays, Popson was diagnosed with a degenerative disc condition in at least two vertebrae in his neck. The doctor also diagnosed Popson with a cervical muscle strain/sprain or "whiplash" as a result of the accident. The doctor recommended three rounds of physical therapy as rehabilitation. At trial, the only issue before the jury was the amount of damages. Evidence was introduced showing that Popson had $4,641.10 in medical expenses. The medical expert for the defense agreed with Popson's doctor that he had suffered a moderate cervical strain/sprain as a result of the accident, but claimed that Popson had essentially recovered from the injury after the first round of physical therapy. The jury returned an award in the amount of $4,575 encompassing only Popson's medical expenses. On appeal, Popson argued the jury's award was against the manifest weight of the evidence because it *Page 5 
only represented Popson's medical expenses and excluded any valuation for his pain and suffering.
 {¶ 17} Like the previous cases, this court reversed, finding the damage calculation was against the manifest weight of the evidence. The court stated, "[i]f a jury awards the amount of medical expenses as damages, it is required to award an amount for pain and suffering." Id., citing Boldt v. Kramer (May 14, 1999), Hamilton App. No. C-980235. "Popson introduced evidence that was uncontroverted by appellees showing he suffered pain in his neck as a result of the cervical strain/sprain. Not only did Popson testify that he had neck pain after the accident, but both Dr. Matrka and Dr. Shybut indicated that Popson had a cervical strain/sprain as a result that of the accident that caused him pain * * *. Although the nature and extent of the pain attributable to Popson's cervical strain/sprain instead of his degenerative condition was at issue, the uncontroverted evidence in the record indicates that Popson suffered some pain from the injury that was alleviated by physical therapy and anti-inflammatory medication. There is no evidence in the record showing that Popson did not suffer pain as a result of the cervical strain/sprain. * * * Because the jury awarded Popson compensation for his medical bills, it necessarily determined that the injuries for which he sought medical treatment were proximately caused by Pennington's negligence * * *."
 {¶ 18} Like the cases cited above, uncontroverted evidence was presented at trial that appellant had some pain and suffering. The only issue in this case was the amount of damages. Appellant testified that he suffered pain in his left shoulder following the accident. At trial, appellant's physician testified regarding appellant's injury and the treatment that eventually led to surgery. In opposition, appellee submitted the testimony of Dr. Anthony Checroun. Dr. Checroun testified that he believed that appellant suffered a sprained left shoulder as a result of the accident. Dr. Checroun stated that he believed appellant suffered pain from the "soft tissue disruption," but these types of injuries are self-healing through *Page 6 
rehabilitation and appellant's surgery was unnecessary for treatment.
 {¶ 19} Moreover, appellee's counsel, in opening and closing statements, conceded that appellant had some pain and suffering, but argued that the jury should limit the amount in accordance with Dr. Checroun's testimony.
 {¶ 20} Specifically, during closing arguments appellee's counsel stated, "[w]hat do I believe the evidence supports was done to Mr. Kubilus in this minor fender bender? A left shoulder strain. There is no dispute about that. You heard Dr. Checroun say it. You heard Dr. Bender say it." Appellee's counsel also stated, "[b]ut as I said, I believe the reasonable medical bills in this case are $2,745.80. And I would award him pain and suffering damages for the reasonable expenses from this minor car accident." During opening statements, appellee's counsel stated, "I believe that the evidence will show that Mr. Kubilus suffered only a minor strain from this accident and that he's not entitled to all the damages he claims from Ms. Owens." T.p. 28. See Drehmer v.Fylak, 163 Ohio App.3d 248, 2005-Ohio-4732, ¶ 20 (Defense counsel's closing statement that the jury should award pain and suffering demonstrates that an award in some amount was merited by the evidence).
 {¶ 21} Further, once the jury returned the damage award, appellant objected to the $0 award for pain and suffering. Appellee's counsel agreed with the objection, stating "I would prefer [the jury] award a nominal amount now, rather than get an appeal on the new trial later. But I mean, — I mean, I defer to the court." The trial court denied the objection.
 {¶ 22} In its decision denying appellant's motion for a new trial, the trial court held, "[t]here is not a bright-line rule mandating an award for pain and suffering in every case where the jury awards damages for medical expenses. * * * Defendant argues that the * * * the issue of whether the court should grant a new trial depends on the facts of each case. This court agrees with the argument of Defendant. The instant case does not present this court with overwhelming and uncontroverted evidence that plaintiff incurred pain and *Page 7 
suffering from injuries which were the direct result of the motor vehicle accident. To the contrary, testimony at trial demonstrated that the accident itself was minor. * * * It is clear there was competent and credible evidence demonstrating that Plaintiff did not incur any pain and suffering, or the pain and suffering incurred was de minimus."
 {¶ 23} The trial court's decision is inconsistent with the decisions of this court. First, in Popson, this court held that "[i]f a jury awards the amount of medical expenses as damages, it is required to award an amount for pain and suffering." Id. Second, there was uncontroverted evidence that appellant suffered pain as a result of the accident. The medical experts from both parties testified that appellant received a sprained shoulder in the accident with only the extent of the injury and the necessary treatment at issue. Further, the jury agreed that appellant was injured in the accident, finding that appellant was entitled to the medical expenses leading up to the surgery in the amount of $3,324.80 and one week of lost wages, reflected by the $386.40 award. Based on prior decisions of this court, appellant must have suffered some pain from the accident as evidenced by the jury's award of medical expenses and finding that appellant was entitled to one week off of work as a result of the accident. The $0 damage award is against the manifest weight of the evidence. Accordingly, this case is remanded to the trial court for a new trial to determine the amount of pain and suffering.Boldt v. Kramer (May 14, 1999), Hamilton App. No. C-980235.
 {¶ 24} Appellant's second assignment of error is sustained. Accordingly, appellant's first assignment of error is overruled as moot.
 {¶ 25} Judgment reversed and this cause remanded to the trial court for further proceedings.
 WALSH, P.J., and POWELL, J., concur. *Page 1