[Cite as *Herceg v. Lifson*, 2019-Ohio-4072.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| KIMBERLY HERCEG, | : | |
| as the Administratrix of the Estate of | : | Case No. 18CA17 |
| Elizabeth Herceg, | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | DECISION AND JUDGMENT |
| vs. | : | ENTRY |
| | : | |
| BARRY J. LIFSON, M.D., et al., | : | |
| | : | |
| Defendants-Appellees. | : | **Released: 09/27/19** |

APPEARANCES:

Chris J. Regan and Tyler Smith, Bordas and Bordas PLLC, Wheeling, West Virginia, for Appellant.

Aaron E. McQueen, Jackson Kelly PLLC, Akron, Ohio, and Stephen S. Burchett, Jackson Kelly PLLC, Lexington, Kentucky, for Appellees.

McFarland, J.

{¶1} This is an appeal from a Washington County Court of Common Pleas judgment entry awarding damages to Appellant the Estate of Elizabeth Herceg's wrongful death and survival action. On appeal, Appellant contends that (1) the trial court erred by failing to grant Appellant a new trial due to inadequate damages, (2) the trial court erred in denying Appellant's request to clarify the wrongful death jury instruction, and (3) the trial court erred in denying Appellant's request to suggest a verdict amount to the jury.

{¶2} Because we find that the trial court did not abuse its discretion: (1) by denying the Appellant's motion for a new trial on the issue of damages, (2) by denying Appellant's motion to clarify the wrongful death instruction, or (3) by denying Appellant's request to suggest to the jury an amount of damages to award, we affirm the judgment of the trial court.

## FACTS

{¶3} On August 16, 2016, Appellant Kimberly Herceg, administratrix for the estate of Elizabeth Herceg, filed a wrongful death and survival action against Appellee Dr. Barry J. Lifson for causing the wrongful death of her mother, Elizabeth Herceg. Generally, a wrongful death action permits surviving relatives (beneficiaries) to recover certain statutorily defined damages for the wrongful death of their relative. *See* R.C. 2125.02. And, a survival action permits those beneficiaries to recover for the pain and suffering and expenses that the decedent experienced prior to their death. *Perry v. Eagle-Picher Indus., Inc.*, 52 Ohio St.3d 168, 169-70, 556 N.E.2d 484 (1990).

{¶4} Appellant's complaint alleged that Dr. Lifson committed malpractice during surgery by using the wrong antibiotic, which caused Elizabeth Herceg (the decedent) to become septic and die. Appellant sought damages for the deceased's beneficiaries under the wrongful death statute, R.C. 2125.02, and a survival action for the deceased's pain and suffering before she died.

{¶5} The jury found by a preponderance of the evidence that Dr. Lifson was negligent in caring for the decedent and that negligence was the proximate cause of the decedent's death. The jury awarded Appellant $56,434.27, which breaks down as follows: $38, 245.06 for medical expenses, $3,189.21 for funeral expenses, $15,000.00 for loss of services of the decedent, $0 for loss of society of the decedent, $0 for the mental anguish of the decedent's beneficiaries, and $0 for the decedent's pain and suffering. Here, Appellant asserts three assignments of error.

## ASSIGNMENTS OF ERROR

"I.    THE TRIAL COURT ERRED BY FAILING TO AWARD A NEW TRIAL ON DAMAGES AS TO ELEMENTS OF DAMAGES FOR WHICH ZERO DOLLARS WERE AWARDED NOTWITHSTANDING UNDISPUTED EVIDENCE OF SUCH DAMAGES.

II.    THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF'S REQUEST TO CLARIFY THE WRONGFUL DEATH COMPENSATORY DAMAGE INSTRUCTION.

III.    THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S REQUEST TO SUGGEST A VERDICT AMOUNT TO THE JURY."

## ASSIGNMENT OF ERROR I

{¶6} In the first assignment of error, Appellant asserts the trial court erred by failing to grant a new trial for the zero-dollar award to the beneficiaries for the decedent's pain and suffering, as well as the beneficiaries' loss of society and mental anguish caused by the death of the decedent.

## Standard of Review

{¶7} We begin by examining the Civil Rule addressing new trials, Ohio Civ.R. 59, which, in pertinent part, states:

(A) Grounds for New Trial.

A new trial may be granted * * * upon any of the following grounds:

* * *

(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

* * *

(7) The judgment is contrary to law;

* * *.

{¶8} The decision to grant or deny a motion for new trial is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Barnhart*, 4th Dist. Meigs Nos. 18CA8, 18CA15, 2019-Ohio-1184, ¶ 52, citing *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus (1990).

Decedent's Pain and Suffering

{¶9} Appellant argues the zero-dollar verdict to the beneficiaries for the decedent's pain and suffering was contrary to law, against the manifest weight of the evidence, or was awarded under the influence of prejudice.

{¶10} Appellant first argues that a zero-dollar verdict for pain and suffering is contrary to law if a jury awards medical expenses. In support, Appellant asserts that "many Ohio courts have held that the" proposition that an award of medical expenses in a personal injury case without an award for pain and suffering is contrary to law requires the conclusion that there can be no set of facts in a personal injury negligence case in which a plaintiff would be entitled the one type of damages, but not the other. *Drehmer v. Fylak*, 2005-Ohio-4732, 163 Ohio App.3d 248, 253, 837 N.E.2d 802, ¶ 11, quoting *Haller v. Daily,* Montgomery App. No. 19420, 2003-Ohio-1941, 2003 WL 1894540, ¶ 24. A more complete reading of this passage from *Fylak* reveals that its holding is actually contrary to Appellant's argument:

> "*Fylak argues that the trial court was not required to find that the jury's denial of a pain-and-suffering award is against the weight of the evidence merely because the jury made an award for medical expenses and lost wages associated with the claim. We agree.* We have held that the 'proposition that an award of medical expenses in

a personal injury case without an award for pain and suffering is contrary to law requires the conclusion that there can be no set of facts in a personal injury negligence case in which a plaintiff would be entitled the one type of damages, but not the other.' " (Emphasis added.) *Id.*

Further, explanation is found in *Haller*:

"The proposition that an award of medical expenses in a personal injury case without an award for pain and suffering is contrary to law requires the conclusion that there can be no set of facts in a personal injury negligence case in which a plaintiff would be entitled to recover the one type of damages, but not the other. *We conclude that this proposition is not supportable. A person may sustain an injury that requires medical treatment, even though the injury is not accompanied by pain or suffering.* Although it is not ordinarily the result of a traumatic injury, the onset of cancer, for example, if diagnosed early, is often unaccompanied by pain or suffering, but nevertheless requires medical treatment. Although instances of injury requiring medical treatment, unaccompanied by pain or suffering, may be rare, we are not prepared to hold that

these instances can never exist, as a matter of law." (Emphasis

added.)  *Haller* at ¶ 24.

**{¶11}** According to the Second District Court of Appeals, while it is typical

that an award of damages for medical treatment will also include damages for pain

and suffering, medical expenses and pain and suffering are nevertheless distinct

types of damages that must be independently proven.  We agree.  Therefore, the

trial court's judgment that awarded damages for medical expenses without any

award for pain and suffering was not contrary to law solely on the basis that an

award of medical expenses always necessitates an award for pain and suffering.

**{¶12}** Next, Appellant argues that the zero-dollar verdict for the deceased's

pain and suffering is against the manifest weight of the evidence.

**{¶13}** To evaluate a claim that a jury verdict is against the manifest weight

of the evidence, [a reviewing court examines] the entire record, weigh[s] the

evidence and all reasonable inferences, consider[s] the credibility of witnesses,

and determine[s] whether in resolving conflicts in the evidence, the jury clearly

lost its way and created such a manifest miscarriage of justice that we must reverse

the conviction and order a new trial.  *State v. Wilks*, 154 Ohio St.3d 359, 389,

2018-Ohio-1562, 114 N.E.3d 1092, citing *State v. Thompkins*, 78 Ohio St.3d 380,

387, 678 N.E.2d 541 (1997), *see also Harrah v. Enyart*, 4th Dist. Lawrence No.

18CA8, 2019-Ohio-64, ¶ 33.

{¶14} [I]n order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim. *Drehmer*, 163 Ohio App.3d 248, 2005-Ohio-4732, 253, 837 N.E.2d 802, 805 (2nd Dist.) ¶ 9, citing *Bailey v. Allberry*, 88 Ohio App.3d 432, 435, 624 N.E.2d 279 (1993). In a weight of the evidence review, "an appellate court generally must defer to the fact-finder's credibility determinations." *Harrah,* 4th Dist. Lawrence No. 18CA8, 2019-Ohio-64, ¶ 33, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 21.

{¶15} Appellant argues that the "testimony of [she] and her sister concerning the pain and suffering and emotional distress was uncontested." Appellant claims that Dr. Lifson admitted that the decedent "suffered 'significant' pain" following the September 10, 2015 procedure. Therefore, the Appellant argues that evidence of the decedent's pain for the last 36 hours of her life was "uncontroverted."

{¶16} In order to understand if the jury's zero-dollar verdict for the decedent's pain and suffering was against the manifest weight of the evidence, we must begin by reviewing the facts and circumstances proximate to the decedent's surgery.

{¶17} Appellant's expert opined that Dr. Lifson's use of the antibiotic Cipro to protect the decedent from infection during her September 10, 2015 surgery was below the standard of care of a doctor treating a patient with a history of Extended-Spectrum Beta-Lactamases-producing Escherichia coli (ESBLs E. coli) with stents and her resistance profile.

{¶18} Subsequent to surgery the decedent stated she "feels weird and she's nauseous * * * [a]nd she was complaining of pain, 7 out of 10."  The decedent was transferred to the hospital.  Hospital notes made four hours after surgery indicated that she was "shaking, feeling nervous and cold."  Appellant's expert opined that at this point there would be concern that the decedent was "septic."  The next day she passed away of septic shock.

{¶19} There was also testimony from both parties' experts at trial that the decedent needed multiple surgeries to treat her bladder cancer, including the September 10, 2015 surgery, and that she also suffered from significant and unrelated comorbidities, including cirrhosis of her liver, an enlarged spleen, endocarditis (there was testimony that she recovered from this), diabetes, high blood pressure, and advanced kidney disease.  Dr. Lifson also testified that upon the decedent's admission to the hospital on September 11, 2015, she was in pain because her kidney was not draining.

{¶20} Finally, the experts also agreed that the surgery Dr. Lifson performed the day before the decedent's death was necessary to treat her cancer, and that the surgery in and of itself was painful.

{¶21} Initially, we note that the jury inserted a "0" on the line for the pain and suffering damages on the jury verdict form. Clearly, the jury did not inadvertently fail to award damages for pain and suffering, but intended no such damages.

{¶22} It is undisputed the decedent suffered pain subsequent to her surgery. The question is whether the proximate cause of the post-surgical pain was due to Dr. Lifson's negligence of prescribing Cipro as the appropriate antibiotic, which ultimately led to infection and death, or was it from the other factors discussed above. Because there was conflicting evidence as to the source of the decedent's post-surgical pain, it was for the jury to determine its source. Based on the fact that the jury awarded no damages for pain and suffering, it appears the jury inferred that the decedent's pain and suffering after the surgery was from her comorbidities and/or the surgery itself. Under these facts, the zero-dollar damages for pain and suffering is *not* "so gross as to shock the sense of justice and fairness" and it *can* be reconciled because the evidence as to the cause of the decedent's pain is *disputed*. Accordingly, we find that the jury did not lose its way in determining

the decedent's pain was caused by her comorbidities so as to create a manifest miscarriage of justice.

**{¶23}** Finally, Appellant argues that the jury's zero-dollar verdict for the decedent's pain and suffering appears to have been given under the influence of prejudice.

**{¶24}** "[T]he assessment of damages lies 'so thoroughly within the province of the [trier of fact] that a reviewing court is not at liberty to disturb the [trier of fact's] assessment,' absent an affirmative finding of passion and prejudice, or a finding that the award is manifestly excessive or inadequate." *Burns v. Adams*, 4th Dist. Scioto No. 12CA3508, 2014-Ohio-1917, ¶ 76, quoting *Lewis v. Nease,* 4th Dist. Scioto No. 05CA3025, 2006 WL 2439754, ¶ 53, quoting *Musokovitz v. Mt. Sinai Med. Ctr.,* 69 Ohio St.3d 638, 655, 635 N.E.2d 331, 1994-Ohio-324.

**{¶25}** Having found that there was conflicting evidence regarding the source of the decedent's pain and suffering in our analysis above, we conclude that the zero-dollar award for pain and suffering was not the result of passion and prejudice, but the jury's proper evaluation of the evidence. Accordingly, we find that the jury's zero-dollar award for the decedent's pain and suffering is not contrary to law, against the manifest weight of the evidence, or the result of passion or prejudice. Therefore, the trial court did not abuse its discretion in

denying Appellant's motion for a new trial due to inadequate pain and suffering damages.

The Beneficiaries' Loss of Society and Mental Anguish

**{¶26}** Appellant argues that damages to the beneficiaries in a wrongful death case are "rebuttably presumed," and because the defendants in this case presented no evidence to rebut that presumption, the jury's zero-dollar verdict for the loss of society and mental anguish was contrary to law. She also argues the zero-dollar verdict for loss of society and mental anguish was against the manifest weight of the evidence, or was given under the influence of prejudice.

**{¶27}** In order to evaluate Appellant's contrary to law argument, we begin by examining the pertinent parts of the wrongful death statute, R.C. 2125.02:

> (A)(1) A civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the *surviving spouse, the children, and the parents of the decedent*, all of whom are *rebuttably presumed to have suffered damages* by reason of the wrongful death, and for the exclusive benefit of the other *next of kin* of the decedent.
>
> (2) The jury, or the court if the civil action for wrongful death is not tried to a jury, may award damages authorized by division (B) of this section, as it determines are proportioned to the injury and loss

resulting to the beneficiaries described in division (A)(1) of this section by reason of the wrongful death * * *.

　　* * *

(B) Compensatory damages may be awarded in a civil action for wrongful death and may include damages for the following:

(1) Loss of support from the reasonably expected earning capacity of the decedent;

(2) Loss of services of the decedent;

(3) *Loss of the society* of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, suffered by the surviving spouse, *dependent children*, parents, or next of kin of the decedent;

(4) Loss of prospective inheritance to the decedent's heirs at law at the time of the decedent's death;

(5) The *mental anguish* incurred by the surviving spouse, *dependent children*, parents, or next of kin of the decedent.  (Emphasis added.)

{¶28} In a wrongful death case, a "surviving spouse, the children, and the parents of the decedent" are "rebuttably presumed" to have suffered damages. *Ramage v. Cent. Ohio Emergency Serv., Inc.*, 64 Ohio St.3d 97, 105, 1992-Ohio-

109, 592 N.E.2d 828, R.C. 2125.02 (A)(1).  This means that the defendants must come forward with some evidence to "burst the bubble" of the presumed damages. *Horsley v. Essman*, 145 Ohio App.3d 438, 444, 763 N.E.2d 245, 249 (4th Dist. 2001).

{¶29} "Other next of kin, although not presumed to have sustained damages, may recover damages for mental anguish and loss of society upon proper proof thereof, even though there is a surviving parent, spouse, or minor children." *Ramage*, at paragraph two of the syllabus.

{¶30} R.C. 2125.02(B)(3) and (5) respectively state that loss of society and mental anguish may be recovered by the decedent's "surviving spouse, *dependent children*, parents or next of kin."  Consequently, neither subsection provides recovery for those damages by *adult* children of the deceased.  However, "whether the term 'next of kin' is given its ordinary dictionary meaning or a particular legal definition, the term always includes *children*, *adult* or otherwise.  Simply stated, next of kin includes blood relatives."  (Emphasis added.)  *Katko v. Ohio State Univ. Hosp.*, 10th Dist. Franklin No. 90AP-1117, 1991 WL 150945, at *8, comparing R.C. 2105.03, and citing *Black's Law Dictionary* 941 (5th Ed.1979) and the *Random House Dictionary of the English Language* 1296 (2nd Ed.1987). Accordingly, while their damages are not rebuttably presumed, adult children of the deceased may recover damages for loss of society and mental anguish as the

decedent's "next of kin." *See Parker v. Bd. of Educ. for Sylvania City Sch. Dist.*, 6th Dist. Lucas No. L-87-028, 1988 WL 30518, at *12. Next of kin beneficiaries must prove loss of society and mental anguish damages by a preponderance of the evidence. *Id.*

{¶31} Therefore, we reject Appellant's assertion that the zero-dollar verdict for loss of society and mental anguish was contrary to law because damages were rebuttably presumed in this case and the defendants failed to present some evidence to rebut that presumption. Nevertheless, we must examine the record for evidence of "loss of society" and "mental anguish" by the decedent's next of kin, including the decedent's adult children, to determine whether the zero-dollar verdict was against the weight of the evidence, or awarded under the influence of prejudice.

{¶32} There is some testimony from Appellant's witnesses which *could* be construed as loss of services, evidence of mental anguish, or loss of society. The jury awarded Appellant $15,000.00 in compensatory damages for loss of services. We are reminded that in a weight of the evidence review, "an appellate court generally must defer to the fact-finder's credibility determinations." *Harrah,* 4th Dist. Lawrence No. 18CA8, 2019-Ohio-64, at ¶ 33, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 21. Therefore, we will defer to the jury's determination of reliability and credibility of the witnesses' testimony

in concluding that $15,000.00 for services was sufficient to compensate the beneficiaries for their statutory-permitted compensatory damages. Consequently, the jury's zero-dollar verdict for loss of society and mental anguish was not "so gross as to shock the sense of justice and fairness, [can] be reconciled with the undisputed evidence in the case, [and] is [not] the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim." *Bailey*, 88 Ohio App.3d 432, 435, 624 N.E.2d 279 (1993). Therefore, we hold that the trial court did not abuse its discretion in denying Appellant's motion for a new trial for loss of society and mental anguish damages.

{¶33} Finally, after considering the evidence and deferring to the jury damages award, we also conclude that the verdict was not the result of passion or prejudice.

ASSIGNMENT OF ERROR II

{¶34} In her second assignment of error, Appellant argues that the trial court erred in denying Appellant's request to clarify the wrongful death compensatory damage instruction, i.e. Appellant wanted the court to inform the jury that "plaintiff and her sister were in fact [the decedent's] next of kin." Appellant argues that because the jury awarded a zero-dollar award for loss of society and mental anguish, it is reasonable to conclude that the jury misunderstood the trial court's jury instruction on wrongful death damages.

{¶35} The jury instruction provided:

"If you find for the plaintiff, you will decide what sum of money will compensate the beneficiaries for the injury and loss to them, resulting from the wrongful death of Elizabeth Herceg.

When deciding damages suffered by reason of the wrongful death, you may consider the following:

(A) * * *

(B) Loss of services of Elizabeth Herceg;

(C) Loss of society of Elizabeth Herceg, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education suffered by the surviving spouse, dependent children, parents, or next of kin * * *."

{¶36} A court reviews "a trial judge's decision not to give a jury instruction for an abuse of discretion." *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶ 152, citing *State v. Wolons,* 44 Ohio St.3d 64, 68, 541 N.E.2d 443 (1989).

{¶37} The instruction is consistent with the wording of R.C. 2125.02 and taken verbatim from the Ohio Jury Instructions. Further, we reject Appellant's argument that it is reasonable to conclude that the jury misunderstood the trial

court's jury instruction on wrongful death damages. As we analyzed above, it is within the jury province to accept or reject the evidence presented at trial. This case failed to conclude that there was any loss of society (or alternatively may have included it within the award of services) or mental anguish to support any damages.

{¶38} Accordingly, we find that the trial court's refusal to define "next of kin" was not an abuse of discretion.

ASSIGNMENT OF ERROR III

{¶39} In her third assignment of error, Appellant argues that the trial court erred in denying her request to suggest a verdict amount to the jury. Appellant asserts that there are a number of Ohio cases which have authorized counsel to suggest an amount of compensation to the jury for pain and suffering, and/or the use of a mathematical formula to calculate pain and suffering during closing remarks, provided the court instructs the jury that such an argument is not to be received as evidence or that the defendant had an opportunity to respond to plaintiff's argument. Appellant further asserts in this case, rather than unilaterally embarking on a suggestion to the jury of an amount for pain and suffering, or the use of a mathematical formula to calculate pain and suffering during closing remarks, which would have been proper, Appellant cautiously and respectfully sought the court's permission to request a figure for non-economic damages.

{¶40} The holdings in many of the cases cited by Appellant rely on

*Grossnickle v. Germantown*, 3 Ohio St.2d 96, 209 N.E.2d 442 (1965).  In

*Grossnickle*, at paragraph one of the syllabus, the court stated:

> "In an action for personal injuries for which money damages for
>
> pain and suffering are recoverable, it is *permissible* for counsel for
>
> the injured party to suggest in argument a daily monetary amount
>
> which, when multiplied by a factor fairly representative of the
>
> probable duration of the pain and suffering, illustrates the basis for
>
> the total amount sought as compensation therefore, if the court
>
> instructs the jury that such argument is not to be received as
>
> evidence.  Making such suggestion for the first time in closing
>
> argument exceeds the bounds of propriety but does not constitute
>
> prejudicial error if no objection is interposed on that ground."
>
> (Emphasis added.)

{¶41} *Grossnickle* makes it "permissible" for counsel to suggest a monetary

amount for pain and suffering damages, but does not bestow any right upon a party

to do so.  This is consistent with a trial court's "inherent authority and wide

discretion in exercising its duty to administer proceedings."  *State v. Cunningham*,

113 Ohio St.3d 108, 112-13, 2007-Ohio-1245, 863 N.E.2d 120, ¶ 25, citing *State v.*

*Boddie*, 3rd Dist. Allen No. 1-2000-72, 2001 WL 1023107.  And a court's decision

in this regard "will not be disturbed absent a showing that the court abused that discretion, which is defined "as an unreasonable, arbitrary, or unconscionable use of discretion" *Id.*

{¶42} Because we find that the trial court's failure to permit Appellant's counsel to suggest an amount of damages was not unreasonable, arbitrary or unconscionable, we overrule the Appellant's third assignment of error.

CONCLUSION

{¶43} As such, we find the trial court did not err by denying Appellant's motion for a new trial on the issue of damages; by refusing to clarify the instruction it gave the jury on wrongful death; or by declining to permit Appellant's counsel to provide the jury with a suggestion for the amount of damages it should award.  Accordingly, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY:    _____
          Matthew W. McFarland, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**