[Cite as *Meyer v. Pullum*, 2022-Ohio-1205.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

BRIANNA MARIE MEYER, A MINOR      :
CHILD, BY AND THROUGH HER
PARENTS, JOHN MEYER AND           :         CASE NO. CA2021-09-054
MICHELLE MEYER,
                                  :         O P I N I O N
      Appellant,                                4/11/2022
                                  :

                                  :

  - vs -                          :

                                  :

RANDY PULLUM, et al.,

      Appellees.


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
                   Case No. 2020 CVC 00216


Law Offices of Blake R. Maislin, LLC, and Thomas J. Dall, Jr., for appellant.

Cetrulo, Mowery & Hicks, and Lindsay A. Rump, for appellee.


**PIPER, P.J.**

{¶1}   Brianna Meyer ("Brianna") and her parents appeal the order of the Clermont

County Court of Common Pleas denying their motion for a new trial.

{¶2}   On December 19, 2018, appellee, Randy Pullum, rear-ended a stopped

vehicle driven by Brianna's mother, Michelle Meyer ("Michelle").   Brianna was in the

backseat of her mother's 2016 Jeep Compass when Pullum struck it with his 2003 Ford

Focus. Brianna was eleven years old at the time and enrolled in sixth grade. She testified that at the impact, she felt a "little bump" and she thought her leg "hit something." It is unclear whether her knee struck her backpack or a part of the car. Brianna did not experience any pain until the following day, and told her mother about it when she returned home from school. Brianna attended school on both the 20th and 21st, and was able to play dodgeball on the 21st.

{¶3} Following complaints of pain, Michelle took Brianna to Mercy Health – Clermont Hospital on December 21, 2018, two days after the accident. Brianna was placed in a knee immobilizer and given crutches and discharged. Brianna followed up at Cincinnati Children's Hospital the next day and again on January 4, January 25, and March 8, 2019. She was diagnosed with a contusion of the right knee and a hamstring strain. Brianna also attended two physical therapy sessions at Cincinnati Children's Hospital on January 8 and February 19, 2019 before ceasing treatment. Records from her final appointment state that her right knee pain was "resolved."

{¶4} Brianna and her parents ("the Meyers") filed a complaint on February 25, 2020. The Meyers prayed for $5,522.36 in past medical expenses and $4,000.00 for future anticipated medical expenses. On December 9, 2020, approximately two years after the accident, the Meyers' expert witness Dr. Jonathan Paley, M.D., examined Brianna. He concluded that she had suffered a contusion of her right patella tendon and atrophy of her right knee quadriceps muscles and recommended physical therapy. During the time between the accident and Dr. Paley's examination, Brianna was actively involved in athletics, including soccer.

{¶5} The matter proceeded to jury trial on April 5, 2021. At trial, Brianna, Michelle, Pullum, and Dr. Paley each testified. The following day, the jury returned a verdict in favor of Pullum. The jury answered "No" to the interrogatory, "Did the negligence of the

Defendant Randy Pullum on December 19, 2018, directly and proximately cause any injuries to the plaintiff, Brianna Marie Meyer?" It then awarded $0 in damages.

{¶6} On April 8, 2021, the Meyers filed a motion for a new trial pursuant to Civ.R. 59(A)(4) and (A)(6). The trial court scheduled a hearing on the matter and both parties filed briefs. On August 19, 2021, following the hearing, the trial court issued an order denying the Meyers' motion for a new trial. The Meyers now appeal, raising the following assignment of error:

{¶7} THE TRIAL COURT ERRED, TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFF, BY DENYING THE PLAINTIFF'S MOTION FOR A NEW TRIAL.

{¶8} The Meyers argue that the award of $0 was against the manifest weight of the evidence and the trial court erred by denying the motion for a new trial.

{¶9} A motion for a new trial is governed by Civ.R. 59(A), and pursuant to that rule, a new trial may be granted upon several enumerated grounds. *Nationwide Agribusiness Ins. Co. v. Heidler*, 12th Dist. Clinton Nos. CA2018-06-003, CA2018-07-004, CA2018-09-012, and CA2018-09-015, 2019-Ohio-4311, ¶ 72. "When presented with a Civ.R. 59(A)(6) motion for a new trial, a trial court weighs the evidence and considers the credibility of the witnesses to determine whether the manifest weight of the evidence supports the judgment." *Nwankwo v. Uzodinma*, 12th Dist. Butler No. CA2021-08-098, 2022-Ohio-565, ¶ 39. "A new trial may also be granted because of '[e]xcessive or inadequate damages, appearing to have been given under the influence of passion or prejudice.'" *Stephens v. Vick Express, Inc.*, 12th Dist. Butler Nos. CA2002-03-066 and CA2002-03-074, 2003-Ohio-1611, ¶ 31, quoting Civ.R. 59(A)(4). The Meyers' motion was brought pursuant to both Civ.R. 59(A)(4) and (A)(6).

**Civ.R. 59(A)(6)**

{¶10} We review the denial of a Civ.R. 59(A)(6) motion for a new trial for abuse of

discretion. *Nwankwo* at ¶ 39. "An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment." *Nationwide* at ¶ 46.

{¶11} Upon reviewing the record, we find that the trial court did not err in denying the Meyers' motion for a new trial under Civ.R. 59(A)(6). The Meyers essentially argue that because the hospital records assert that the accident was the source of Brianna's injuries, this forecloses all other possible causes of her injuries, including sporting activities undertaken during the two school days between the accident and her first hospital visit. The Meyers presented a robust case, with testimony from two eyewitnesses and an expert witness as well as voluminous medical records. However, it is within the province of the jury to assign weight to the evidence and decide what is credible. *Silver v. Jewish Home of Cincinnati*, 12th Dist. Warren No. CA2010-02-015, 2010-Ohio-5314, ¶ 34. The jury was not required to believe any particular testimony or give weight to any particular evidence. *Martin v. Am. Natl. Property & Cas. Co.*, 12th Dist. Butler No. CA2009-11-282, 2010-Ohio-3370, at ¶ 24 ("A jury is free to accept or reject any or all of the testimony of any witness, including testimony of an expert witness").

{¶12} The Meyers also argue that a new trial should have been granted because their evidence is undisputed. However, "even when the evidence is undisputed, the jury possesses the inherent right to reject the evidence presented." *Id.* In fact, "[a] jury is free to reject any evidence and is not required to accept evidence simply because it is uncontroverted, unimpeached, or unchallenged." *Stephens*, 2003-Ohio-1611 at ¶ 27. "'[T]he jury is the sole judge of the weight of the evidence and the credibility of witnesses.'" *Silver* at ¶ 34, quoting *McKay Machine Co. v. Rodman*, 11 Ohio St.2d 77, 82 (1967). We find that the jury's verdict was not against the manifest weight of the evidence. The trial court therefore did not abuse its discretion in upholding the jury's verdict and denying the

Meyers' motion for a new trial on the basis of Civ.R. 59(A)(6).

**Civ.R. 59(A)(4)**

{¶13} Next, we address the Meyers' argument that the trial court erred by denying their Civ.R. 59(A)(4) motion for a new trial on the grounds of inadequate damages. We review a trial court's denial of a Civ.R. 59(A)(4) motion for a new trial for abuse of discretion. *Hicks v. Freeman*, 12th Dist. Warren No. CA99-12-140, 2000 WL 1336854, *2 (Sept. 18, 2000). "Damage awards in personal injury actions are particularly within the province of the jury and neither a reviewing court nor a trial court can substitute its judgment for that of the jury." *Martin* at ¶ 24. "[I]n order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is the result of jury passion and prejudice and is so gross as to shock the sense of justice and fairness." (Citation omitted.) *Henson v. K. Collins Plumbing, Inc.*, 12th Dist. Clermont No. CA2005-07-069, 2006-Ohio-3090, ¶ 48.

{¶14} We have consistently granted new trials where causation was proved but damages were not awarded, or where damages were awarded for medical expenses but not for uncontroverted pain and suffering. *Kubilis v. Owens*, 12th Dist. Butler No. CA2007-03-065, 2008-Ohio-3728, ¶ 12–17, 23. The cases to which the Meyers direct us are inapposite. In the case *sub judice*, no causation was proven or stipulated. Instead, the jury was clear in its answer to the interrogatory that Pullum did not "directly and proximately cause any injuries to the plaintiff Brianna Marie Meyer." "As the trier of fact, the jury was free to accept or reject any or all of appellants' evidence of damages." *Henson* at ¶ 49. Given that the jury here rejected the Meyers' evidence and failed to find causation, it would have been improper for the it to award damages. The trial court thus did not abuse its discretion in denying the Meyers' Civ.R. 59(A)(4) motion for a new trial.

**Conclusion**

{¶15} We understand the Meyers' conviction to their perspective and disappointment with their day in court. However, neither we, nor the trial court may simply substitute our judgment for that of the jury. *Bargo v. R & L Transfer, Inc.*, 12th Dist. Clermont No. CA99-11-108, 2000 WL 1221892, *1 (Aug. 28, 2000). We therefore overrule the Meyers' assignment of error and affirm the trial court's judgment denying the motion for new trial.

{¶16} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.